ROBERT RYAN, APPELLEE. V. CLARK BULLION ET AL., AP-
PELLANTS.

FILED DECEMBER 29, 1916.   No. 18953.

1. **Judgment:** RES JUDICATA   The judgment in one action will not
   bar a subsequent action unless it appears that the subject-matter
   is the same in both actions, and was or might have been litigated
   in the former action.   The parties to such former action will not
   be estopped thereby to litigate questions in a subsequent action
   which the court in the former action refused to determine for want
   of jurisdiction.

2. **Attorney and Client:** ATTORNEY'S FEES: QUESTION FOR JURY.   The
   defendants, residents of another state, employed an attorney of their
   place of residence to have full charge of their interests in this state,
   and it does not appear that they placed any limitations upon his
   authority to employ local counsel in their litigation here.   Plain-
   tiff rendered legal services in defendants' litigation here, with
   the knowledge of the attorney in the other state, who corresponded
   with him as one of the attorneys for defendants in that litigation.
   There is evidence that plaintiff relied upon defendants for com-
   pensation, and no evidence that plaintiff had any reason to expect
   compensation for his services from any one other than these de-
   fendants.   *Held*, that the question of defendants liability for such
   services is one of fact to be determined by the jury.

3. **Appeal:** VERDICT.   If three persons are sued jointly and there is
   proof of joint liability for part of plaintiff's claim, a verdict under
   suitable instructions for so much of the plaintiff's claim as defen-
   dants are jointly liable for will not be set aside as unsupported
   by the evidence, although it appears that there was no joint lia-
   bility for some part of plaintiff's claim.

4. **Limitation of Actions.**   If an attorney undertakes to attend to such
   litigation as may arise out of the settlement of an estate and to wait
   for compensation until the proceeds of the litigation are realized,
   the statute of limitations will not begin to run against the attor-
   ney's claim for compensation for services so rendered until the
   litigation in settling the estate is ended.

5. **Garnishment:** VOLUNTARY PAYMENT.   If, upon an attempted garnish-
   ment, money is voluntarily paid into court by the defendant's
   debtor, the order of the court directing that it be applied upon the
   judgment of the plaintiff against the defendant in the litigation in
   which the money was so paid in will not be set aside upon appeal
   on motion of defendant, solely because of insufficiency of the
   garnishment proceeding.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*W. G. Hastings* and *Anderson & Baylor,* for appellants.

*Hall & Bishop* and *Robert Ryan, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Lancaster county upon a claim for services as an attorney at law rendered for these defendants. He attached to his petition an itemized statement of the services for which he claimed compensation, which contains different items of charges from January 30, 1902, to December 3, 1910. He alleges in his petition that he was employed by the defendants "as their attorney to represent them and protect their interests in the matter of the estate of James M. Bullion, deceased, whose estate was being administered in Saline county, Nebraska, and that Curtis W. Ribble was the duly appointed administrator of said estate; that this plaintiff rendered various and sundry services for the defendants at their request and with their knowledge and consent in the matter of said estate, during the time extending from January 30, 1902, to December 3, 1910; * * * that the plaintiff also advanced certain moneys for court costs and expenses in connection with said litigation," and admitted that $43.65 had been repaid plaintiff "for said advancement." He asked judgment for $809.81 and interest from January 1, 1911.

The defendants answered separately. The defendant Clark Bullion answered that he is, and at all times mentioned in the petition was, a resident and a citizen of the state of New York, and that the statute of limitations in that state is six years, and that all charges prior to June, 1907, were incurred in the year 1904 and prior thereto, and that the plaintiff's action as to this defendant is barred by the statute of limitations, and this defendant denies that he ever employed the plaintiff

"in any manner to look after or protect defendant's interests generally in the estate of James M. Bullion, deceased, and never employed nor requested nor authorized the employment or had any knowledge of the employment of said plaintiff in or about this defendant's interests in said estate in any of the state courts of Nebraska, or in any of the matters mentioned in plaintiff's petition, or in any way, except in procuring an accounting by said Curtis W. Ribble as administrator of said estate in the federal courts of the state of Nebraska, for which serv-ices the said plaintiff has received the full amount of his demands."

The defendant Laura A. Ames also pleaded the statute of limitations of New York in substantially the same way, and then alleged that "in the summer of the year 1901 she employed George H. Hastings of Crete, Nebraska, through one J. D. Reed of Richfield Springs, New York, and through one William G. Hastings, then of Wilber, Nebraska, to present for this defendant a claim against said estate arising upon a promissory note for the sum of $500 principal and accrued interest, and on September 24, 1901, said George H. Hastings pre-sented a petition for leave to file said claim, and it was refused by the county court of Saline county on the ground that an order barring presentation of further claims had been entered in said estate August 28, 1901. Pending the hearing of the application to file said claim, the said George H. Hastings, without consultation with either the said J. D. Reed or with William G. Hastings, and without knowledge of this defendant, employed said plaintiff, this defendant is now informed, to assist in procuring the allowance of said claim, and the only matter this defendant ever had pending in any state court of Nebraska before January 1, 1906, was this one for enforcement of the said claim; and the employment of the said plaintiff in and about the enforcement of such claim was wholly unauthorized by this defendant, and any liability for fees and disbursements for such serv-

ices remained at all times and is now against said
George H. Hastings and not against this defendant."
The defendant Nettie Furmin filed a separate answer,
alleging substantially the same defense as the defend-
ant Ames.

The plaintiff for reply alleges: "By way of estoppel
and bar to the defenses attempted to be stated in said
answers," that his employment by said defendants to
represent them in and protect their interests against the
estate of James M. Bullion and to enforce their claims
against said estate and against Curtis W. Ribble, the ad-
ministrator of said estate, included his employment in
the suit in the federal court, and one of the essential
issues in the said action in said federal court, was the
employment by the complainants therein of the plain-
tiff herein for the performance of all of the services
covered by the entire bill above referred to, including the
bill for services described in the petition herein, which
issue of employment was up for consideration and ad-
judication, and, by said action and decree for the es-
tablishment of the attorney's lien, was adjudicated and
settled in favor of the employment of the plaintiff by the
defendants therein, whereby the defendants are herein
estopped to deny said employment by them, and their
denial constitutes no defense to said action.

The jury returned a verdict in plaintiff's favor for
$426, with interest $98.42, amounting to $524.42.

These defendants were the heirs of James M. Bullion,
deceased, who died in Saline county in this state. It
appears that there was a variety of litigation arising
out of the settlement of this estate in the county court
of Saline county, in the district court for that county,
in the supreme court of the state, and also in the fed-
eral court for this district, continuing during the times
stated in the plaintiff's action for professional services.
It also appears that the plaintiff rendered the services
for which he has charged, and that the value of the serv-
ices so rendered by the plaintiff is not seriously contested.

It will be seen that the pleadings of the parties are somewhat complicated, and the plaintiff himself with his counsel and the counsel for the defendants have presented full and exhaustive briefs upon questions of law which they assume are involved in this litigation, but we have had some difficulty in ascertaining how some of these questions of law are applicable to the disputed facts involved in this record.

It appears to be conceded that the plaintiff was employed by these defendants to bring an action in the federal court, which was begun in December, 1904, and that he rendered the necessary services for which he charged in that action, and it is also conceded by the plaintiff that he was allowed by the federal court, and had received, compensation for his services in that action. The record shows that the plaintiff presented to the federal court his claim for services, including the charges which are involved in this litigation, and that the federal court allowed him in those proceedings compensation claimed by him for his services in that court, but the federal court refused to allow or consider in that case his claim for compensation in the state courts, for which this action is brought. There was no finding that plaintiff was not employed in the state courts. Such a finding under the order there made would have been dictum only. It would seem, therefore, that the plaintiff is in error in supposing that the order of the federal court and the actions of these defendants in connection therewith would estop these defendants to now contest his claim for services in the state courts.

The defendants present two principal questions for consideration: (1) The defendants contend that the plaintiff was not employed by them in any of this litigation in the state courts or in their behalf by any one who was authorized by them to so employ him, and that they had no knowledge that he had been so employed or was rendering his services with the expectation of being compensated therefor by them. (2) It appears that

they contend that all services rendered by the plaintiff prior to the commencement of the action in the federal court on the 2d day of December, 1904, were completed, and his right of action, if any, thereon accrued prior to the commencement of that action in the federal court, and his claim therefor is barred by the statute of limitations.

It appears that the defendants all reside in the state of New York and have so resided during all of the times of this litigation. They employed one Reed, a local attorney there, who had charge of their interests. Mr. Reed appears to have had full charge for them of their interests, and it does not appear that they placed any limitations upon his authority to act for them in the matter of employing local counsel here. The defendant Ames testified that she had no personal acquaintance with the plaintiff, and had no correspondence with him personally; that all her communications with him had been conducted through Mr. Reed, but that she could not state definitely when she first learned of Mr. Ryan's employment, and that she had never employed *directly* any other person than Mr. Reed, and, when asked the specific question, "State whether or not you have ever authorized the employment of Mr. Robert Ryan on your behalf?" she answered, "I never did *directly*." This of course is an admission that Mr. Reed had authority on her behalf to employ this plaintiff. The defendant Clark Bullion testified that he received all communications from the plaintiff through Reed; that he first became interested in the litigation, "I think about the time my aunt's claim against the estate was sent out there." This was one of the claims filed with the Ames and Furmin claims, and was at the commencement of the litigation for which the plaintiff claims fees. He testifies that he had no personal interest in that claim, and was only interested in it as executor and legatee of his aunt, who died after the claim was filed. He signed a stipulation to dismiss those claims, and he

testified that the attorney, Reed, suggested that he sign it. He also testified that he never authorized any general employment of plaintiff to represent or look after his interests in the estate, and that he had no knowledge that he was looking after it, except in the matter of the action in the federal court, in which the witness was a party plaintiff. The correspondence in evidence shows 'that Mr. Reed knew that this plaintiff was actively assisting in all of this complicated litigation in behalf of this estate of which these three defendants were the heirs, and there is no evidence of any circumstances indicating that Mr. Reed had contracted with any other attorney here to render all necessary services, or to procure them to be rendered, or to suppose that this plaintiff was relying on any one other than these defendants for compensation for his services. So far as we have observed, the evidence is not very satisfactory as to when the defendant Clark Bullion, through his attorney Mr. Reed, made himself responsible for services rendered by this plaintiff. The litigation which he authorized, and which was brought in his name in the federal court, recognized the former litigation and attempted to realize the results thereof, so that this defendant made himself responsible jointly with the other defendants for a considerable part of the services rendered by the plaintiff.

The questions presented were difficult and complicated, and it was perhaps unfortunate that it was required to submit them to the consideration of the jury under such exhaustive instructions covering all of the various issues in the case. The trial court might perhaps have determined many of the questions presented, and so might have simplified the instructions given to the jury, but it does not appear that any more simple method of submitting the case was suggested and insisted upon, and the jury by the verdict allowed the plaintiff only for a part of the services rendered. Under the instructions the jury might render a joint verdict against all of the

defendants for such services as they found they were all jointly liable for, and it does not clearly appear that this verdict is for a larger amount than that for which these defendants were jointly liable. The jury under the instructions were not allowed to find against any of the defendants except for those services for which they were all liable, and the defendants Ames and Furmin cannot, of course, complain that by reason of this fact they have been relieved from some liability.

As to the statute of limitations, we find that the record shows that the plaintiff wrote Mr. Reed in the latter part of 1904 in regard to costs advanced. "They amounted to almost $100 which General Hastings and I will try to carry until we get something out of the estate." This seems to have been acquiesced in by Mr. Reed, and indicates an understanding that settling with the attorney would be postponed until the litigation was ended. There were other circumstances from which the jury might find that the employment was a continuing one. The result of the whole litigation was that these defendants realized a considerable amount as heirs out of the estate of James M. Bullion, which at times during the progress of the litigation seemed very doubtful. While the facts in the case are complicated, and not very clear, we cannot say we have found such errors in the trial of the case as to require a reversal.

It appears that, after the judgment had been rendered in the district court in favor of the plaintiff, some of the proceeds of the Bullion estate had come into the hands of the court, and a motion was made by the plaintiff to apply these proceeds upon his claim. This motion was sustained and the court ordered the proceeds to be so applied. From that order the defendants also appealed to this court, and upon motion that appeal was consolidated with this case. It appears that in the order so consolidating it, by a clerical error, the record was made to show that this case was consolidated with case No. 18403 that had already been determined by

this court.   It is therefore ordered that that clerical error be corrected so as to show the fact as above stated.

Some questions are presented in regard to the proceedings in the nature of attachment and garnishment, by which the proceeds of the Bullion estate were brought into the trial court.   If we were required to reverse the principal judgment of the trial court, those questions might become of importance, but this money was voluntarily paid into court.   It is conceded that it belongs to defendants, and, as it will require an order of the trial court to dispose of the money in its hands belonging to these defendants, we think that court has jurisdiction to order so much thereof as is necessary to be applied on the plaintiff's claim.

The judgment of the trial court, and the order applying the money in the hands of the court upon that judgment, are both

AFFIRMED.

FAWCETT, J., not sitting.