HERMAN A. WEISS, APPELLANT, v. ELMER A. WEISS,
APPELLEE.
140 N. W. 2d 15
Filed February 11, 1966. No. 36083.

Dixon G. Adams, for appellant.

Crossman, Barton & Norris, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action by Herman A. Weiss to recover money alleged to be due him from the defendant, Elmer A. Weiss. A jury was waived and the action tried to the court. The trial court found that there was $5,200 due the plaintiff and entered judgment for that amount. The plaintiff's motion for new trial was overruled and he has appealed.

The plaintiff and the defendant are brothers. Following the death of their father, the members of the family entered into an agreement for a division of the family property. Under the agreement the plaintiff was to receive the east half of the southwest quarter of Section 20, Township 14 North, Range 12 East of the 6th P. M., in Sarpy County, Nebraska. The defendant was to receive the west half of the same quarter section.

Before the agreement was performed, the parties modified it so that the plaintiff was to receive no land and the defendant would receive the entire quarter section. On December 27, 1938, a deed was executed conveying the property to the defendant, which contained the following provision: "The grantee herein as part of the consideration due the said Herman A. Weiss, grantor, by this conveyance agrees to give to the said Herman A. Weiss the use of the large house now located on said premises, and he further agrees to pay him the sum of Two Hundred Forty (240.00) Dollars per year for each year that he works for the said Elmer A. Weiss. Should the said Herman A. Weiss decide to leave the employ of Elmer A. Weiss, then in that event the said Elmer A.

Weiss is to pay Herman A. Weiss the sum of Four Thousand (4000.00) Dollars. Said sum of $4000.00 in no event shall be due and payable until six (6) years after the date of this instrument, and said sum not to draw interest."

The trial court limited the plaintiff's recovery to the $4,000 payment and $240 per year for 5 years. The controversy here concerns the amount due the plaintiff for the work which he performed for the defendant under the agreement contained in the deed.

The plaintiff claims that he worked for the defendant continuously from December 1938 until about July 23, 1963. The defendant stipulated that the plaintiff was in the continuous employment of the defendant during this period and that the plaintiff performed his duties satisfactorily. The defendant alleged that the plaintiff's claim was barred by the statute of limitations. The question that must be determined is when did the statute of limitations commence to run against the plaintiff's claim for wages.

A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit. Spath v. Morrow, 174 Neb. 38, 115 N. W. 2d 581. In this state an action upon a contract in writing must be commenced within 5 years after the cause of action has accrued. §§ 25-201 and 25-205, R. R. S. 1943.

Generally, where a person is hired by the week, month, or year, the right to compensation accrues at the end of each week, month, or year, and the statute then begins to run, and only the amount that has accrued within the statutory period before the commencement of the action can be recovered. See 54 C. J. S., Limitations of Actions, § 133, p. 49.

The parties to a contract of employment may agree that compensation for the services to be furnished shall be deferred until the completion of the work. Under such an agreement, the statute of limitations does not

commence to run until the work has been fully performed. See Ryan v. Bullion, 100 Neb. 705, 161 N. W. 167.

The plaintiff contends that the contract of employment between the parties was a continuous contract with no definite time of payment or termination and that the statute of limitations did not commence to run until the services had been terminated. Phifer v. Estate of Phifer, 112 Neb. 327, 199 N. W. 511, cited by the plaintiff, involved such a contract. In the Phifer case all of the interested parties interpreted the contract to be a contract for continuous service, without any fixed time of payment or termination.

There is evidence in this case that at the end of the first year the defendant attempted to pay the plaintiff for that year's work, but the plaintiff refused to accept payment. The defendant testified that he tendered a check in the amount of $240 to the plaintiff but that the plaintiff refused to accept it and said: " 'Keep that for feeding me.' " The defendant further testified that for several years he attempted to pay the plaintiff at the end of the year but that the plaintiff refused payment and said: " 'Give me a little money when I go to town.' " There is evidence that the defendant, at his own expense, purchased and maintained a truck for the plaintiff which is "in his name," purchased clothing and other small items for him, and gave him small amounts of money from time to time.

The plaintiff admitted that he had received small amounts of money from the defendant from time to time but denied that the defendant had ever offered to pay him the $240 per year mentioned in the deed. Although the evidence in that regard is in conflict, it is sufficient to sustain a finding that the parties interpreted the contract as providing for the payment of the $240 at the end of each year.

The interpretation given a contract by the parties themselves while engaged in the performance of it is

one of the best indications of the true intent of the contract. Lortscher v. Winchell, 178 Neb. 302, 133 N. W. 2d 448.

The judgment of the trial court in an action at law where a jury has been waived has the effect of a verdict of a jury and it will not be set aside unless clearly wrong. Elgin Mills, Inc. v. Chicago & N. W. Ry. Co., 177 Neb. 110, 128 N. W. 2d 384. The record in this case sustains the judgment of the trial court upon the theory that the evidence shows a practical interpretation of the contract by the parties.

The judgment of the trial court is affirmed.

AFFIRMED.