REQUESTED BY: Senator Gary E. Hannibal District No. 4 State Capitol, Room 1004 Lincoln, NE 68509
Dear Senator Hannibal:
In your March 24, 1987, letter you asked whether the notice and dollar limitations provisions of LB 258 constitute a denial of due process and what is meant by the phrase "after such claim accrued."
First, we do not see any denial of due process in the notice and dollar limitations. Any potential claimants have a method and procedure whereby they may proceed against the employees as well as the subdivision.
Arguments might be raised as to equal protection under the United States and Nebraska Constitutions or the special legislation provision of the Nebraska Constitution. However, these questions have been fully addressed in Campbell v. City of Lincoln, 195 Neb. 703, 240 N.W.2d 339 (1976). The court in Campbell held that requiring claims against a political subdivision to be filed within one year and suits to be filed within two years did not violate the equal protection clauses of either the United States or the Nebraska Constitutions or Article III, Section 18, of the Nebraska Constitution. The court held that classifying all Nebraska political subdivisions as a separate class was a reasonable classification, operated uniformly upon all members of the class, and was not constitutionally defective.
Further, the placing of dollar limitations or caps on recovery in certain tort actions has been addressed on a number of occasions and found not to violate the equal protection, special legislation, or due process provisions of the state and United States Constitution. In Canley v. City of Jacksonville, 403 So.2d 379 (1981), the Supreme Court of Florida held a statute limiting recovery against a municipality to $100,000.00 was constitutional. A similar holding was enunciated in Sambs v. City of Brookfield, 97 Wis.2d 356,293 N.W.2d 504 (1980), by the Wisconsin Supreme Court. See also, Jetton v. Jacksonville Electric Authority,399 So.2d 396 (1981).
The Nebraska Supreme Court in Prendergast v. Nelson,199 Neb. 97, 256 N.W.2d 657 (1977), upheld the Nebraska Hospital-Medical Liability Act which, among other things, limited the dollar recovery in medical malpractice cases. The court again held that a person has no vested interest in any rule of the common law.
We believe the court would hold similarly with respect to employees of political subdivisions, there being a legitimate legislative purpose in doing so. The subdivisions have an interest in being able to hire and retain competent personnel. If not given some protection from lawsuits for actions in the course of their employment, that might arguably be difficult. There may be other similarly acceptable purposes such as limiting the financial burdens of the political subdivision which has agreed to indemnify its employees for acts in the scope of employment.
You also inquired when a "claim accrues" under the statute. The Nebraska courts have consistently held that a cause of action accrues when a person can institute and maintain a suit against another. Department of Banking v. Mullen, 134 Neb. 338, 278 N.W. 551 (1938); Weiss v. Weiss,179 Neb. 714, 140 N.W.2d 15 (1966), and; Condon v. A. H. Robins Co., Inc., 217 Neb. 60, 349 N.W.2d 622 (1984).
In Condon, the court held that under Neb.Rev.Stat. § 25-224(1) the four year statute of limitations does not begin to run until the aggrieved person discovers or reasonably could have discovered the injury. The time of the negligent act alone is not the key. There must also be injury. If the injury cannot reasonably be discovered, the statute will not start to run until the injury is or could reasonably be discovered. This appears to be the rule in Nebraska, and we believe it would be applied with respect to actions under the Political Subdivision Tort Claims Act as proposed to be amended by LB 258.
Very truly yours,
ROBERT M. SPIRE Attorney General
John R. Thompson Deputy Attorney General