SADIE WONDERLING, APPELLANT, v. JOHN E. CONLEY ET AL., APPELLEES.

155 N. W. 2d 349

Filed December 29, 1967. No. 36678.

Leamer & Graham, for appellant.

Ryan & Scoville, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

BOSLAUGH, J.
The plaintiff, Sadie Wonderling, is the owner of Lot

28, Block 47, in Joy Place, an addition to the city of South Sioux City, Nebraska. The defendants, John E. Conley and Valerie M. Conley, own Lot 27 which lies east of and adjacent to Lot 28.

In 1963, the defendants moved a structure onto Lot 27 which they remodeled into a duplex. Apparently the duplex is so located that the eaves and the basement window wells on the west side of the structure extend over onto Lot 28.

In 1965, the plaintiff commenced this action to recover damages for trespass. The plaintiff alleged that the entire value of her property had been destroyed and sought to recover its value from the defendants.

The defendants' answer alleged that there was a division fence on the property when they purchased Lot 27 in 1946; that the division fence was located at least 6 feet west of the building placed on Lot 27 in 1963; that the division fence had been destroyed in 1952; and that the defendants had obtained title by adverse possession to the "lands occupied by said building and for approximately six (6) feet to the west thereof."

A jury was waived and the action tried to the court. The trial court dismissed the petition and taxed the costs to the plaintiff. The plaintiff's motion for new trial was overruled and she has appealed.

The judgment of the trial court in an action at law where a jury has been waived has the effect of a verdict of a jury and it will not be set aside unless clearly wrong. Weiss v. Weiss, 179 Neb. 714, 140 N. W. 2d 15.

The evidence in this case failed to establish with any degree of certainty the extent of the encroachment of the defendants' duplex upon the plaintiff's land. There was testimony concerning a survey, but the surveyor did not testify. The evidence did not sustain the plaintiff's theory that the entire value of her property had been destroyed, and there was no other evidence from which the trial court could fix the damages. The plaintiff's contention that the evidence does not sustain the

judgment of the trial court is without merit.

The transcript in this case contains a "JOURNAL ENTRY ON TRIAL" signed by the trial court, the judgment as it appears in the journal of the court, and the notes of the district judge which appear in the trial docket.

The "JOURNAL ENTRY ON TRIAL" and the judgment as they appear in the journal both contain a finding that the defendants have been in adverse possession "of the strip of land in question" for more than 10 years and that they are adjudged to be "the owners of the land occupied by them and their title thereto is quieted and confirmed in them." However, a line has been drawn through that part of the finding and judgment. The record contains no information as to how the deletion occurred. The entry in the trial docket is consistent with the judgment as deleted and shows only: "Pltff's petition dismissed. Costs taxed to Pltff."

The defendants have not cross-appealed but they seem to contend that we should assume that the deletion was unauthorized and that we should disregard it and interpret the record as showing a finding and judgment for the defendants upon their cross-petition.

The record of the trial court, when properly certified to this court, imports absolute verity. If the record is incorrect, any correction must be made in the district court. Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721. The judgment of the trial court in this case, as certified to this court, contains no finding or judgment for the defendants upon their cross-petition.

There was no evidence as to a division fence extending the length of the lots. There was evidence concerning a pole shed that is located at the rear of Lot 27 and a wire fence that had extended south from the pole shed to a cob shed and then a "short" distance to the south. The fence and cob shed were destroyed by a flood in 1952. Although the pole shed may extend onto Lot 28, the extent of the encroachment is not shown with any definiteness.

John E. Conley testified that he had used Lot 28 for gardening purposes but he did not claim that this use had been adverse.

There was no showing of adverse possession to a definite and certain boundary. The evidence supports a finding and judgment against the defendants upon their cross-petition.

The judgment of the district court is affirmed.

AFFIRMED.