STATE OF NEBRASKA, APPELLEE, V. MICHAEL E. NEAL,
APPELLANT.
346 N.W.2d 218

Filed March 9, 1984. No. 82-693.

Garrett Law Office, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Michael E. Neal was convicted of robbery and use of a firearm upon his plea of guilty entered in the Douglas County District Court and was sentenced to consecutive terms in the Nebraska Penal and Correctional Complex of not less than 14 nor more than 50 years on the robbery charge and to not less than 5 nor more than 20 years on the firearm charge. Neal appeals his conviction and sentence. We affirm.

Neal was arraigned on April 15, 1982, on the charges of robbery and use of a firearm in that robbery. At his arraignment Neal entered a plea of not guilty to each of the charges. After giving serious thought to withdrawing his not guilty pleas and discussing such withdrawal of the not guilty pleas with his attorney, Neal decided to withdraw his not guilty pleas and to plead guilty to each of the charges on the morning of his jury trial, namely, September 9, 1982. Outside the presence of a jury which had been empaneled for trial, Neal entered a plea of guilty to the

charges of robbery and use of a firearm in the commission of that robbery.

The trial court told Neal that his guilty pleas could be withdrawn until such pleas were accepted by the court, and also informed Neal about the various pleas which could be entered instead of a plea of guilty. Upon inquiry by the court Neal acknowledged he was taking Tofranil and Centrax prescribed by his physician. (There is nothing in the record indicating the medications adversely affected Neal's mental processes involved in entering his pleas of guilty.) While he did not know the identity of the first President of the United States, Neal knew that Ronald Reagan was the current President of the United States. Neal understood the court's explanation about the various pleas which could be entered regarding the charges against him. The trial court then informed Neal about each requirement for a proper plea under *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). The court also informed Neal about possible sentences which could be imposed upon conviction, including mandatory consecutive sentences under the circumstances. When Neal stated to the court that he did not understand how he could be guilty of using a firearm during the robbery because he was not holding a gun, the court thoroughly explained aiding, abetting, and using a firearm during a robbery. After that explanation Neal acknowledged his understanding of the nature of the charges against him. Neal told the court that he had talked with his attorney about all possible defenses to the charges and was satisfied with his attorney's representation. The court found beyond a reasonable doubt that Neal understood his rights and freely, voluntarily, knowingly, and intelligently waived all rights accorded Neal under the law.

After the trial court had explained all elements of the charges to be proved by the State with evidence beyond a reasonable doubt, but before accepting Neal's plea, the court asked Neal whether he com-

mitted the offenses charged, and Neal answered, "Yeah." However, when the court inquired about Neal's participation in robbing the store, Neal said he went into the store merely to order a sandwich. According to Neal, while he was in the store, two individuals, Bray and Brooks, entered the store with a gun, at which point Neal ran from the store. The court refused to accept Neal's guilty plea and reinstated a not guilty plea on behalf of Neal, and a short recess was taken.

Later, still outside the presence of the jury, Neal said he wanted to tell the court about the facts and circumstances of the robbery, that is, Neal wanted to resume the court's interrupted inquiry about a factual basis to the charges. Neal told the court that as part of a plan of Bray, Brooks, and Neal, Neal entered the store for the purpose of distracting a clerk. While Neal was talking to the clerk about warming a sandwich he had ordered, Bray and Brooks entered the store. Brooks, brandishing a nickel-plated, .38-caliber revolver, demanded money from the store clerk. The clerk opened the register, money was taken, and Neal, with his accomplices, ran out of the store.

The trial court found there was a sufficient factual basis for accepting Neal's pleas of guilty to the charges of robbery and use of a firearm in the commission of that robbery. At this inquiry by the trial court Neal said he still wanted to plead guilty to both charges. After Neal again said he was acting freely and voluntarily in entering his pleas of guilty and, further, that Neal was freely and voluntarily waiving rights accorded a defendant under the law, the court accepted Neal's guilty pleas to both charges, found Neal guilty of the crimes charged, and deferred sentencing until completion of a presentence investigation ordered by the trial court.

On September 22, 1982, the trial court sentenced Neal to a term of not less than 14 nor more than 50 years on the robbery charge and to a term of not

less than 5 nor more than 20 years on the firearm charge. The sentences on the robbery and firearm charges ran consecutively, and those sentences were consecutive to sentences previously imposed for Neal's convictions for robberies of two other business establishments, namely, a sentence of 3 to 5 years for one of the additional robberies and a sentence of 7 to 10 years for the other robbery.

In his appeal Neal contends (1) the sentences imposed in this case are excessive and constitute cruel and unusual punishment, (2) there was no factual basis for his guilty plea to the charges, and (3) his pleas were not made knowingly and intelligently.

"[D]efendants are entitled to be informed of the nature of the charges against them, the right to assistance of counsel, the right to confront witnesses against them, the right to a jury trial where otherwise authorized, and the privilege against self-incrimination. A voluntary and intelligent waiver of these rights must affirmatively appear from the record." *State v. Tweedy*, 209 Neb. 649, 655, 309 N.W.2d 94, 98 (1981).

Upon a review of the entire record in this case, we hold that Neal's guilty pleas were entered in compliance with the requirements of *State v. Tweedy*, *supra*. We note the court did not inform Neal about his right to be represented by counsel during the proceedings, but the record does reflect that Neal at all times in every proceeding was in fact represented by an attorney from the Douglas County public defender's office. To hold that it is error upon a court's failure to inform a defendant of his right to counsel when a defendant has the benefit of counsel before the court and acknowledges that his counsel's representation has been satisfactory would be the epitome of slavish technicality. Neal's repeated acknowledgments before the trial court that he fully understood the proceedings, the effects of his pleas, and the rights he was waiving negative any claim

that Neal did not fully comprehend the nature of the proceedings.

Neal's claim that the sentences imposed are excessive or constitute cruel and unusual punishment is without any legitimate foundation or merit whatsoever.

Although Neal's criminal history is of recent vintage, spanning a period of some 5 years before conviction in this case, Neal's record is extensive and reflects a pattern of increasingly dangerous criminal activity. Among Neal's previous convictions are offenses and dates of sentencing as follows: false information (4/15/77, 1/21/80); three convictions for disorderly conduct (11/15/79, 11/24/80, 11/10/81); attempted fraud (12/4/79); four charges of theft by unlawful taking (7/3/80, 6/25/81, 9/9/81, 11/10/81); and trespassing (4/6/82). In addition to those convictions and before sentencing in the present case, a jury convicted Neal of a March 30, 1982, robbery, for which Neal was sentenced to 3 to 5 years in the Nebraska Penal and Correctional Complex. Further, in another trial, likewise before sentencing in the present case, a jury had convicted Neal of a March 8, 1982, robbery of still another business establishment. Neal was sentenced to 7 to 10 years for that March 8 robbery. The sentences for the two previous convictions were consecutive.

It is a well-settled rule that the court on appeal will not disturb a sentence imposed within the limits prescribed by statutes unless there has been an abuse of discretion on the part of the trial court imposing the sentence. See *State v. Parks*, 212 Neb. 635, 324 N.W.2d 673 (1982). Conviction for robbery is punishable by imprisonment for a term of 1 to 50 years. See Neb. Rev. Stat. §§ 28-324 and 28-105 (Reissue 1979). Conviction for use of a firearm to commit a felony is punishable by imprisonment for a term of 1 to 20 years, by a fine of $25,000, or by both such imprisonment and fine. See Neb. Rev. Stat. §§ 28-1205 and 28-105 (Reissue 1979). Neb. Rev. Stat.

§ 83-1,105(1) (Reissue 1981) provides that "the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law." In view of the relevant information presented to the trial court concerning Neal, we cannot say that the trial court abused its discretion in imposing the sentences in this case. The sentences are not excessive and do not violate constitutional prohibitions, state or federal, against cruel and unusual punishment. The judgment of the district court is affirmed in all respects.

AFFIRMED.