STATE OF NEBRASKA, APPELLEE, V. ROY JAMES PREDMORE, APPELLANT.

370 N.W.2d 99

Filed July 5, 1985.    No. 84-296.

P. Stephen Potter, Dawson County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Roy James Predmore, upon a plea of guilty, was convicted of breaking and entering and was sentenced to imprisonment for 1 to 3 years with credit for 73 days' incarceration. He has appealed and contends that the record fails to show that his plea was voluntarily and intelligently made.

The record shows that the defendant was charged with two burglaries in separate informations. Pursuant to a plea bargain, the other charge was dismissed in return for the defendant's plea of guilty in this case.

Prior to the arraignment, the defendant and his counsel, the public defender, executed a written petition to enter a plea of guilty. It recited that the defendant was represented by counsel; that he had read the information; and that he understood the nature of the charge and the possible penalties. The petition also explained all of the defendant's constitutional rights in detail and stated that he understood a guilty plea waived all of these rights except representation by counsel. It further

provided that the defendant understood the court was not bound by the plea agreement and that no threats, coercion, or promises had been made to him to induce the plea of guilty.

In paragraph 11 the petition stated that the defendant wished to plead guilty. In paragraph 12 the petition stated: "I offer my plea(s) freely, voluntarily[,] knowingly and intelligently and of my own accord and believe that the plea(s) is . . . supported by the facts and my conduct." The petition was signed by the defendant, and he initialed each paragraph.

The trial court examined the defendant regarding the petition, and the defendant stated that he had read it, knew what was in it, and had signed it.

In addressing the defendant the trial court did not recite to the defendant each of his rights, but relied upon the recitation of constitutional rights which had been made to another defendant, Harry J. Stickleman, who had been arraigned immediately before the defendant. The court had told Stickleman:

Q. If you plead guilty you admit the truth of the charge, and the only thing left for the Court to do is to fix your punishment. In addition to that, you waive your constitutional rights, of which there are several, the principal constitutional right that you would waive would be a right to trial by jury, but included in that are [sic] the right to be presumed innocent until proven guilty beyond a reasonable doubt by sworn testimony to the satisfaction of all of the 12 jurors that would try it. You have a right to confront your accusers, and to cross examine your accusers; to present evidence in your own behalf, and to require the Court to issue process for the attendance of witnesses. You have a right to testify yourself, or you have a right to remain silent. In the event that you choose to remain silent that may not be used as an argument tending to prove your guilt. You waive all of these rights if you enter a plea of guilty. . . .

When arraigning the defendant, the trial court discussed the terms of the plea agreement with the defendant, questioned him personally about the validity of the plea petition, and had the county attorney read the statutory provisions regarding the

penalty for burglary. The court also explained the elements of the crime, told the defendant that pleading guilty admitted the truth of the charge and that the only question left was that of punishment.

Q. [By the court] . . . You waive your constitutional rights. I just explained those constitutional rights to Mr. Stickleman in the case ahead of yours. Did you hear that explanation?

A. Yes, Your Honor.

Q. Do you want me to explain that again, or can we skip that part?

A. No. Skip it, Your Honor.

The defendant then entered his plea of guilty, and the trial court established a factual basis for the plea by questioning the defendant. The trial court then accepted the plea. No objection to this procedure was made at the arraignment or in the defendant's motion for a new trial.

The defendant now contends that the failure of the trial court to inform him separately and in detail of his constitutional rights in open court rendered his plea involuntary.

In *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), we held that for a plea of guilty to be voluntary, the record must affirmatively show the defendant was apprised of his constitutional rights against self-incrimination, to trial by jury, and to confrontation, and waived them. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Waiver cannot be presumed from a silent record.

While an item-by-item recitation of constitutional rights is not required, *Tweedy, supra*, and *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), the record must show that the court examined the defendant personally to ensure that the defendant knows his rights and understands the consequences of a guilty plea. *Turner, supra*; *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). A written petition to enter a plea of guilty is not a substitute for the requirement that the trial court address each defendant personally and ascertain that the defendant understands his rights and is making a voluntary and intelligent waiver of them.

In the present case there was substantial compliance with this

requirement. The plea petition, the recitation of rights in the prior arraignment, and the trial court's inquiry of the defendant affirmatively demonstrate that the defendant knew his rights and voluntarily waived them by pleading guilty.

In the plea petition paragraph 6 stated the defendant's constitutional rights, (1) to a speedy trial, (2) to confront and cross-examine witnesses, (3) to present a defense, (4) to the assistance of counsel, (5) against self-incrimination, (6) to the presumption of innocence, and (7) to a unanimous verdict based on a finding of guilt beyond a reasonable doubt.

Paragraph 7 stated that a plea of guilty waived all of these rights except representation by counsel. Both paragraphs were initialed by the defendant and the petition itself signed in two places by the defendant.

The defendant admitted hearing the recitation of rights that had been made to the defendant Stickleman and voluntarily waived repetition. The explanation made to Stickleman was adequate.

Finally, the court inquired of the defendant and the defendant stated that he had read the plea petition and understood it. He understood pleading guilty admitted all the elements of the crime. He had discussed the charge with his attorney and was pleading guilty because the facts alleged were true.

The situation here was analogous to a group arraignment. The proper procedure for a group arraignment is to call each person being arraigned before the bench, identify him, and advise him that the remarks of the court apply to each person individually. In *Ziemba, supra* at 621, 346 N.W.2d at 214, we said, "In order to make an intelligent and voluntary plea where there has been a group arraignment, the defendant must have been present when the court advised those charged of their constitutional rights. The record must disclose that defendant was present at that time. See *State v. Smith* [213 Neb. 446, 329 N.W.2d 564 (1983)]." The procedure which was followed in the present case should be avoided.

Here, the record shows that the defendant heard the prior recitation of constitutional rights. While it is preferable to address and advise each defendant separately, the failure to

repeat the advice separately in this case did not render the plea involuntary, because the record as a whole shows that the defendant understood his rights.

The facts in this case are somewhat similar to *Williams; Williams v. State*, 263 Ind. 165, 325 N.E.2d 827 (1975), in which the Indiana court dealt with the voluntariness of a guilty plea where defense counsel, but not the trial court, had advised the defendant of his constitutional rights.

The court said:

> Of course, there can be no doubt that the trial judge should as a matter of practice inform the defendant of the rights enumerated in *Boykin*, regardless of other evidence showing that defendant was advised of his rights. . . .
>
> . . . .
>
> . . . A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin*. Nothing we have said, however, may be interpreted as relieving the trial court of its absolute duty to decide, on the basis of evidence in the record before it, whether a defendant's plea is made voluntarily and understandingly.

(Emphasis in original.) *Id*. at 175-76, 325 N.E.2d at 832-33.

The record fails to show that there was prejudice to any substantial right of the defendant in this case. The judgment is, therefore, affirmed.

AFFIRMED.

WHITE, J., dissenting.

The preferred procedure in taking a plea of guilty is a dialogue between court and defendant in which the rights waived by a plea of guilty are detailed and the court satisfies itself that the rights are understood and voluntarily waived by the defendant. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

Admittedly, we have permitted exceptions to the dialogue, such as the use of a presentence report to establish a factual basis, *State v. Daniels*, 190 Neb. 602, 211 N.W.2d 127 (1973),

and a remand to the trial court for a hearing to ascertain whether independent knowledge of the range of penalties existed in the defendant where the trial judge neglected to inform the defendant in taking a plea, *State v. Curnyn*, 202 Neb. 135, 274 N.W.2d 157 (1979).

In this case no explanation of the rights waived by a plea of guilty was addressed to the defendant. Instead, the majority adopts what I suspect will be known as the Stickleman rule: "If the defendant was in the courtroom while Stickleman's rights were articulated and he heard them, close enough!"

I fail to see how a trial judge can be said to have satisfied himself of a knowing and intelligent waiver in these circumstances.

I respectfully dissent.

SHANAHAN, J., joins in this dissent.