STATE OF NEBRASKA, APPELLEE, V. PATRICIA A. MINDRUP, APPELLANT.

380 N.W.2d 637

Filed January 31, 1986. No. 85-507.

James C. Stecker, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Patricia A. Mindrup, pled guilty in the county court to third offense driving while under the influence of alcohol. Her driver's license was thereupon suspended for life; in addition, she was ordered incarcerated in the county jail for a period of 3 months, to pay a $500 fine, and to pay the court costs. The district court affirmed. In this court defendant assigns as error the district court's finding that her county court plea was knowingly, voluntarily, and intelligently made. We affirm.

Upon the advice of her attorney, Mindrup read, executed, and filed a document entitled "Petition to Enter Plea of Guilty," which Mindrup's attorney prepared and persuaded the county court to accept. While the plea petition recites that Mindrup understood the "nature of the charges brought against" her, nowhere does the document itemize the elements of the offense. The document details all the constitutional rights Mindrup waived by her plea. It recited as well that she knew "the maximum possible sentence is .. 6.months... ~~years~~ imprisonment and/or a fine of $ .... 500.00 .... ." Under the foregoing language Mindrup wrote: "I can also louse [sic] my

Drivers License for life." The county judge also inquired of Mindrup whether she understood that by pleading guilty she waived certain constitutional rights, and listed them, save and except the right to counsel. The following exchange took place with respect to the penalties:

THE [JUDGE]: I think everything's included on there, the maximum penalties, your rights, so forth. The one thing I don't see included, and that is that even if you are placed on probation on a D.W.I. Third, the law requires a minimum 7-day jail sentence and a one-year license suspension. Do you understand that?

. . . MINDRUP: Yeah.

Mindrup then informed the county court that she was not under any threat, nor under the influence of alcohol or drugs. After determining that a factual basis existed for the plea, the county court found that Mindrup was knowingly, voluntarily, and intelligently entering her plea and accepted it.

Mindrup contends that her plea was in fact not given knowingly, voluntarily, and intelligently because the county judge failed to engage her in a dialogue sufficient to enable him to determine that she knew her constitutional rights and waived them, nor that she knew and understood the charges against her and the penalties associated therewith. She argues that the plea petition is not sufficient in and of itself to establish the voluntariness of her plea.

The defendant in *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985), challenged the voluntariness of his plea of guilty to a charge of breaking and entering, notwithstanding the fact that he had executed a plea petition similar to the one in the present case. He had also been present and heard the trial judge's recitation of the applicable constitutional rights to another defendant in a different case who had been arraigned immediately before him, and told the judge, upon inquiry, that a similar recitation could be "skipped." In addition, the trial judge explained the elements of the crime to Predmore and had the county attorney read the statutory provisions regarding the penalty therefor. The court observed that a written petition to enter a plea of guilty does not satisfy the requirement that there be a record which shows that the judge personally examined the

defendant and determined that the latter knew his or her rights and the consequences of a guilty plea. Nonetheless, Predmore's conviction was affirmed because he had heard the dialogue between the judge and another defendant and consequently suffered no prejudice to any substantial right.

*Predmore* teaches that a written petition to plead guilty which itemizes a defendant's constitutional rights is not in and of itself sufficient to establish the voluntariness of the plea. Here, however, there was a dialogue between the county judge and Mindrup concerning her constitutional rights except as to her right to be represented by counsel were she to plead not guilty and proceed to trial. The fact remains, however, that she was in fact represented by counsel. *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984), *cert. denied* _____ U.S. _____, 105 S. Ct. 788, 83 L. Ed. 2d 782 (1985), holds it is not error to fail to inform a defendant of the right to counsel when the defendant has had the benefit of counsel before the court. (We do not consider the fact that in *Neal* the defendant expressed satisfaction with his attorney's representation to bear on the issue of whether the record demonstrated that the defendant knew of the right to the assistance of counsel.)

We examine next the fact that the county judge did not himself advise Mindrup of the elements of the offense. The record reveals that Mindrup, through her attorney, specifically waived the reading of the complaint which set forth the offense in the words of the statute, Neb. Rev. Stat. § 39-669.07 (Reissue 1984). As stated in *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984), a complaint is generally sufficient if it sets forth the offense in the words of the statute itself, so long as the statutory language fully, directly, and expressly, without uncertainty or ambiguity, contains all the elements necessary to constitute the offense to be punished. Accord *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984). The complaint in this case meets the foregoing requirements. Having waived the reading of the document which would have advised her of the nature of the offense, Mindrup cannot now be heard to complain that her plea was made in ignorance thereof.

We have declared previously that it does not matter how a defendant comes to understand the possible penalty for an

offense, so long as he or she was aware of it at the time of the plea. *State v. Fischer*, 220 Neb. 664, 371 N.W.2d 316 (1985). Although as presented to Mindrup, the plea petition did not completely detail the possible penalty, she herself wrote in the fact that she could lose her operator's license for life, and the county judge informed her that even if she were placed on probation, she would lose her license for a year and be required to spend at least 7 days in jail. Under those circumstances we are compelled to conclude that Mindrup knew well what she was facing when she elected to plead guilty.

While the use of written plea petitions such as involved in this case is not to be encouraged, for it increases rather than decreases the likelihood of error, the record before us, like the one in *Predmore*, fails to show prejudice to any of Mindrup's substantial rights.

The decision of the district court is therefore correct, and it is affirmed.

AFFIRMED.

WHITE, J., dissenting.

The record fails to show that the essential elements of the crime with which the defendant was charged were part of the dialogue between the court and the appellant. Among the rights waived by the defendant by a guilty plea is the requirement of the State to prove beyond a reasonable doubt that the defendant committed the crime charged, i.e., *each* and *every* essential element of the crime. How we can conclude from this record that such a plea was voluntary is a mystery. We presume that a mere waiver of the reading of a complaint excuses the court of failing to explain to the defendant what it is the State must prove beyond a reasonable doubt. The record cannot, as to this essential point, be said to be anything other than silent. The plea proceedings failed to meet the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), and should be set aside and the cause remanded for a new trial.

SHANAHAN, J., joins in this dissent.