STATE OF NEBRASKA, APPELLEE, v. GENE R. MARTENS, APPELLANT.

387 N.W.2d 701

Filed May 30, 1986.    No. 85-737.

Gerald M. Stilmock of Tessendorf, Milbourn & Fehringer, P.C., for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Gene R. Martens appeals from a judgment which was initially entered by the county court for Platte County, Nebraska, and subsequently affirmed by the district court for Platte County, ordering Martens to serve 90 days in jail and to pay $21 in court costs for issuing a bad check in violation of Neb. Rev. Stat. § 28-611 (Cum. Supp. 1984). Martens, through court-appointed counsel, alleges that the county court committed plain error in finding that Martens' guilty plea was made knowingly, voluntarily, and intelligently and that, under the circumstances, the sentence imposed was excessive. We have reviewed both assignments and find that they must be overruled. The judgment and sentence are, therefore, affirmed.

There is no issue in this case that Martens issued the check in violation of § 28-611. Martens entered a plea of guilty to the charge. See *State v. Price,* 198 Neb. 229, 252 N.W.2d 165 (1977). The only question is whether on the record it appears that Martens entered his plea freely, voluntarily, and intelligently as required by law. Martens maintains that the record is silent as to whether he was present at the time the

county court advised a group of individuals, including Martens, of their constitutional rights; Martens, therefore, claims that it cannot be said that his plea was properly and constitutionally made. In support of his position he cites to us *State v. Ziemba*, 216 Neb. 612, 621, 346 N.W.2d 208, 214 (1984), in which we said: "In order to make an intelligent and voluntary plea where there has been a group arraignment, the defendant must have been present when the court advised those charged of their constitutional rights. The record must disclose that defendant was present at that time." Martens further directs our attention to *State v. Predmore*, 220 Neb. 336, 340, 370 N.W.2d 99, 101 (1985), wherein we said: "The proper procedure for a group arraignment is to call each person being arraigned before the bench, identify him, and advise him that the remarks of the court apply to each person individually." Martens does not maintain nor offer any evidence that he was not present, but merely argues that the record is silent as to his presence and that therefore he should be entitled to have his sentence and conviction set aside and be given the opportunity to enter a new plea after being properly informed of his constitutional rights.

While we generally agree with the rules of law cited to us by appellant, we do not agree that the record is silent. Quite to the contrary, we believe that the record, such as it is, establishes that Martens was present when the group was advised of their constitutional rights and that, absent evidence to the contrary, there is no basis for his present claim.

Both a bill of exceptions and a supplemental bill of exceptions of the proceedings which took place in the county court for Platte County, Nebraska, on April 23, 1985, were filed with this court. The supplemental bill recites at the top:

> (At 9:25 a.m. on April 23, 1985, in the county court of Platte County, Columbus, Nebraska, before the HONORABLE LYLE WINKLE, one of the judges of said court with Mr. William Kurtenbach appearing as counsel for the plaintiff [the State of Nebraska] and the defendant [Gene R. Martens] appearing in person, the following proceedings were had:)

> THE COURT: Now the rest of you that are present are

here for the purpose of being arraigned on various charges here this morning. So first, I'm going to call off the list of names of those who are present. . . .

Thereafter, several cases were called, including case No. CR85-151, *State v. Gene R. Martens*. The record then reflects that Martens, in person, responded "Yes" when asked if he was present.

The original bill of exceptions containing the proceedings in the county court for Platte County, Nebraska, also provides:

(At 9:25 a.m. on April 23, 1985, in the county court of Platte County, Columbus, Nebraska, before the HONORABLE LYLE WINKLE, one of the judges of said court, with Mr. William Kurtenbach appearing as counsel for the plaintiff and the defendant being present in person, the following proceedings were had:)

Thereafter, there appears in the record a detailed and precise recitation of what transpired, including the following:

Now in order to save time, I'm going to advise each of you as a group as to what is your various statutory and constitutional rights, as well as the pleas and the consequences of those pleas. Then I'll have you come up before the court one at a time to be sure you know and understand what you've been charged with and what are the possible penalties as it applies to each of you individually.

The court then proceeded to carefully, fully, and properly advise each of the individuals present of his constitutional rights. At the conclusion the record recites:

(Whereupon several other arraignments were had prior to Mr. Martens:)

THE COURT: Next being case number CR85-151, the State of Nebraska vs. Gene R. Martens. You're Gene R. Martens?

MR. MARTENS: Yes.

The record reflects that, at that point, the court once again proceeded to explain the charges as well as the corresponding penalties to Martens.

Setting aside, briefly, the question of whether Martens was present when the court advised the entire group of their

constitutional rights, the record makes it clear that Martens entered his plea freely, knowingly, and voluntarily. He argues, however, that because the bill of exceptions and supplemental bill of exceptions do not indicate whether the rollcall occurred before the court advised all of the parties of their constitutional rights or after, the record is silent as to whether Martens was present when the court advised the various defendants of their constitutional rights. We believe that Martens' argument cannot be sustained.

To begin with, a simple reading of both the bill of exceptions and the supplemental bill of exceptions makes it clear that the rollcall could not have occurred after the court advised the individuals of their constitutional rights, but must, of necessity, have occurred before. Furthermore, both the bill of exceptions and supplemental bill of exceptions recite on their face that Martens *was* present when both events occurred, regardless of the order in which that may have taken place. This is not the same as a silent record. We have repeatedly held that the record of the trial court imports absolute verity in all appellate proceedings, and if such record is incomplete or incorrect, the remedy is by appropriate proceedings to secure a correction thereof in the trial court. See *Campbell v. City of Ogallala*, 183 Neb. 238, 159 N.W.2d 574 (1968). See, also, *Wonderling v. Conley*, 182 Neb. 446, 155 N.W.2d 349 (1967).

If Martens wishes to maintain that the records which recited that he was present were incorrect, it is incumbent upon him to secure a correction of the record or else be bound by it. Consequently, we believe that Martens' contention that the record is silent as to whether he was advised of his constitutional rights and, therefore, whether he entered his plea freely, knowingly, and voluntarily is without merit and must be overruled.

That leaves us with the question of whether the sentence was excessive. While at first blush it may appear that the sentence was excessive, in view of the fact that the check was in the amount of $11.28, a further reading of the presentence investigation makes it quite clear that that is not the case. The offense was a Class II misdemeanor, punishable by a maximum of 6 months' imprisonment or a fine of $1,000, or both

imprisonment and fine. See Neb. Rev. Stat. § 28-106(1) (Cum. Supp. 1984). We have repeatedly held that, absent evidence showing an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. See, *State v. Davis*, 200 Neb. 557, 264 N.W.2d 198 (1978); *State v. Komor*, 213 Neb. 376, 329 N.W.2d 120 (1983).

Martens' presentence investigation discloses that between 1973 and April of 1985 he was convicted on no less than 14 occasions for issuing insufficient fund checks. On most occasions he was fined. The fines appeared to do little to discourage Martens. On one occasion he was sentenced to 30 days in jail, and on another occasion sentenced to 1 to 3 years in the state penal complex. Additionally, he has been convicted of first degree arson, and on two occasions has escaped from prison, once in Nebraska and once in Rawlins, Wyoming. Under the evidence in this case and the record which he brings to this court, we cannot say that the district court abused its discretion in imposing the sentence it did. Absent evidence of an abuse of discretion, we have no alternative but to affirm the sentence.

The conviction and sentence are affirmed.

AFFIRMED.