STATE OF NEBRASKA, APPELLEE, v. STACIE L. MILLER, APPELLANT.
404 N.W.2d 45

Filed April 17, 1987.   No. 86-972.

Michael W. Baldwin, Deputy Buffalo County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant-appellant, Stacie L. Miller, was adjudged guilty by the county court on a plea of no contest to a charge of disturbing the peace in violation of Neb. Rev. Stat. § 28-1322 (Reissue 1985). The conviction was affirmed by the district court, and Miller appeals to this court, asserting that the record shows error in that it fails to establish his plea was based on a knowing and intelligent waiver of his constitutional rights. We affirm.

Miller's sole assignment of error relates to the fact that the county judge conducted a group arraignment. We have held

that the proper way to conduct such an arraignment is to call each person being arraigned before the bench, identify the defendant, advise him or her that the remarks of the court apply to each person individually, and ascertain on the record that the defendant was present throughout the conduct of the arraignment, heard the remarks, and understood them. *State v. Martens*, 222 Neb. 870, 387 N.W.2d 701 (1986); *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985). The record shows that in the present case the county judge established on the record that Miller and five other defendants were present. The judge then instructed Miller and each of the other defendants to consider the comments he was about to make as if directed to each of them individually. He thereafter informed all the defendants of the rights, among others, to the assistance of counsel, to confront adverse witnesses, and to trial by jury, and of the privilege against self-incrimination. The county judge then individually advised Miller, who was represented by appointed counsel, of the charge against him and the range of the penalties which might be imposed. The county attorney then advised the judge that Miller had fired a blank from some type of firearm into a group of people.

Nonetheless, Miller argues his plea was defective because the record does not affirmatively show that, as required by *State v. Martens, supra*, he was present throughout the time the group arraignment was conducted. It is true that the better practice would have been to specifically ask Miller whether he had been present throughout the entire time the judge explained the rights possessed by a criminal defendant. The record does, however, reflect the following exchange between the county judge and Miller:

> [Judge]: Do you have any question as to any of the statutory or constitutional rights that I have just advised you of?
>
> MR. MILLER: Huh-uh.
>
> . . . .
>
> [Judge]: Do you understand the rights you would be waiving and giving up under a plea of no contest or under a plea of guilty?
>
> MR. MILLER: Yeah.

In the absence of an affirmative showing to the contrary, the foregoing colloquy adequately establishes that Miller was indeed present throughout the group arraignment. Thus, the county judge conducted a proper group arraignment and fulfilled the requirements for taking a valid no contest plea. *State v. Sianouthai, ante* p. 62, 402 N.W.2d 316 (1987); *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986).

Accordingly, the district court was correct in concluding that there was no error appearing on the record made in the county court, and in affirming the judgment of the county court. The judgment of the district court is therefore hereby affirmed.

AFFIRMED.