IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DAVIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY L. DAVIS, APPELLANT.

Filed December 31, 2019.    No. A-19-111.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Karen C. Hicks, of Hicks Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

MOORE, Chief Judge.

INTRODUCTION

Anthony L. Davis appeals from his plea-based conviction in the district court for Douglas County of attempted robbery. Davis was sentenced to a term of incarceration of 5 to 10 years. On appeal, Davis asserts that the sentence imposed is excessive, that he did not knowingly or intentionally waive his rights before entering his plea, and that the court violated his due process rights by accepting the improper plea. For the reasons set forth herein, we affirm.

BACKGROUND

On July 17, 2017, the State filed an Information charging Davis with attempted robbery, under Neb. Rev. Stat. § 28-201(4)(b) (Reissue 2016), a Class IIA felony.

On November 14, 2018 Davis pled no contest to the charge. Davis was represented by counsel at the plea hearing. The district court advised Davis of his constitutional rights including the right to a public and speedy jury trial, to confront any witnesses, and the right to be free from

- 1 -

self-incrimination. The district court also advised Davis of the nature of the charge and that he could be sentenced to up to 20 years' imprisonment if the court accepted the plea. Davis affirmed that he understood his constitutional rights and that his plea was his own free and voluntary act. Davis also affirmed that he had sufficient time to discuss the case with his attorneys, that he told them everything he knew about the case to formulate an appropriate defense, and that he was satisfied with the services that the attorneys provided.

The State provided the following factual basis for Davis's plea:

[D]eputies responded to a report of a person stealing from mailboxes. Ultimately, the investigation revealed that that was the defendant. Upon arrival, the defendant's vehicle was seen in a ditch. The victim in this matter, Kenneth Zeller, reported that he drove up and he stopped to see if the defendant was okay, to render aid. The defendant got -- jumped into the victim's vehicle and tried to push him out and take his car. The victim resisted that and was ultimately -- the defendant was not able to get away with the car. All of those events in Douglas County.

The court then found beyond a reasonable doubt that Davis understood the nature of the charges and possible sentences; that his plea was made freely, knowingly, intelligently, and voluntarily; and that the factual basis was sufficient to support Davis's plea. The court accepted Davis's plea of no contest. The court then ordered a presentence investigation.

A sentencing hearing was held on January 3, 2019. The district court found that Davis was not a candidate for probation and instead sentenced Davis to 5 to 10 years' imprisonment, to be served consecutively to his sentence in another case. Davis was given credit for 199 days previously served.

## ASSIGNMENTS OF ERROR

Davis assigns, restated and combined, that (1) the sentence imposed upon him, although within the statutory limits, is excessive and constituted an abuse of discretion by the trial court; (2) he did not knowingly and intelligently waive his rights; and (3) the court violated his due process rights by accepting a plea that was not voluntarily and intelligently made.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

A trial court is given discretion as to whether to accept a guilty or no contest plea, and an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019).

ANALYSIS

*Excessive Sentence.*

Davis was convicted of attempted robbery, which is a Class IIA felony. Neb. Rev. Stat. §§ 28-201(4)(b) and 28-324(2) (Reissue 2016). A Class IIA felony is punishable by up to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). Davis' sentence was within statutory limits. Nevertheless, Davis asserts his sentence is excessive, claiming the trial court did not provide an explanation of its application of the statutory sentencing factors, which Davis claims merit a much shorter sentence, and which should have been imposed concurrently, rather than consecutively, to the sentence in another case. Alternatively, Davis claims a term of probation would have been appropriate. He points to his long history of substance abuse and his undiagnosed mental health issues which he asserts merit rehabilitative treatments rather than a prison sentence. Davis acknowledges his extensive criminal record, but argues that he has no prior aggressive behaviors and his prior crimes were committed to feed his addiction. Davis asserts he is an addict, not a criminal.

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

According to the presentence investigation, Davis was 40 years old at the time of the investigation. He is single, with two dependent children and an adult child. He has his G.E.D. and has been unemployed since 2015. The presentence investigation report shows that Davis' prior criminal history is extensive. He had two juvenile adjudications for felony receiving stolen items (for which his probation was revoked). His adult convictions include disorderly conduct (twice), possession of marijuana (less than an ounce (five times), failure to appear (seven times), liquor in possession of a minor, misdemeanor criminal mischief, felony controlled substance possession (3 to 5 years' imprisonment), theft by unlawful taking, operating during suspension (five times), receiving a stolen item, controlled substance possession (marijuana), felony conspiracy to defraud United States (60 months in prison and 3 years of supervised release; release in 2011, returned to incarceration for 8 months for violation, released 10/12/11 and discharged from supervision on 2/1/13), and felony fraudulent credit card possession (12 to 18 months in prison, discharged 1/22/15). Following the date of the occurrence of this attempted robbery, Davis was convicted of theft by unlawful taking and the possession of a controlled substance. He had been allowed to bond out of jail in 2017 to enter the Salvation Army Adult Rehabilitation Center in Omaha, but he failed to do so and was subsequently a fugitive until his arrest in July 2018. Davis scored in the very high risk to reoffend on the overall LS/CMI assessment. Davis also took the Substance Abuse Questionnaire and scored in the maximum problem area for drugs, violence, antisocial behavior, and stress coping. He scored in the moderate to high range through the Simple Screening

Instrument. Davis has a history of untreated substance abuse. He also reports symptoms of schizophrenia and obsessive compulsive disorder, but has never been diagnosed or medicated for those conditions.

Upon a review of the record, we cannot say that the district court abused its discretion in imposing a sentence of 5 to 10 years' imprisonment for attempted robbery. The district court reviewed the presentence investigation report before imposing sentence and found that Davis was not a suitable candidate for probation. The decision to impose a sentence of 5 to 10 years' imprisonment is not clearly untenable or unreasonable, nor does the record reflect it was based on any inappropriate factors. Therefore, the district court did not abuse its discretion by imposing a sentence of 5 to 10 years' imprisoonment.

*Knowing and Intelligent Waiver.*

Davis argues that he did not enter his plea knowingly and intelligently, and as a result, the district court erred in accepting his plea. To support a finding that a defendant freely, intelligently, voluntarily, and understandingly entered a guilty plea, a court must inform a defendant about (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016). Further, the record must show a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id*.

Davis specifically contends that the court did not advise him of his right to counsel and therefore he did not expressly waive that right. It is true that the record does not reflect that the district court expressly advised Davis of the right to counsel. However, in *State v. Watkins*, 277 Neb. 428, 762 N.W.2d 589 (2009), the Nebraska Supreme Court found that failure to expressly inform a defendant of the right to counsel does not render a plea invalid where the record reflects that the defendant was actually represented by counsel at the time of the plea and during prior proceedings. See, also, *State v. Mindrup*, 221 Neb. 773, 380 N.W.2d 637 (1986) (court's failure to inform represented defendant of right to counsel did not invalidate guilty plea).

The record shows that Davis has been represented by counsel throughout these proceedings, including at the plea and sentencing hearing. Davis affirmed that he had sufficient time to discuss his case with counsel and was satisfied with counsel's services. Therefore, Davis freely, intelligently, voluntarily, and understandingly entered his no contest plea. Because Davis freely, intelligently, voluntarily, and understandingly entered a no contest plea, the district court did not err in accepting the plea and subsequently convicting and sentencing Davis.

CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in sentencing Davis to 5 to 10 years' imprisonment. The district court also did not err in accepting Davis' plea of no contest which was freely, intelligently, voluntarily, and understandingly made.

AFFIRMED.