277 Neb. 428
STATE OF NEBRASKA, APPELLEE,
v.
DAMIEN D. WATKINS, APPELLANT.
No. S-08-712.
Supreme Court of Nebraska.
Filed March 20, 2009.
Thomas M. Rowen for appellant.
Jon Bruning, Attorney General, George R. Love, and Kimberly A. Klein for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
Damien D. Watkins pled guilty to an amended charge of second degree murder and was sentenced to 40 years to life in prison. His direct appeal was summarily affirmed, and he then filed this postconviction proceeding, alleging that he was denied his constitutional rights due to the ineffective assistance of trial and appellate counsel. After conducting an evidentiary hearing, the district court denied postconviction relief. Watkins appeals from that order. We affirm.

FACTS
Watkins was originally charged with first degree murder and use of a deadly weapon to commit a felony in connection with the death of Jesus Covarrubias. The State's theory was that Watkins and Michael Glover agreed to rob Covarrubias and that Glover killed Covarrubias during the robbery. Watkins eventually agreed to testify against Glover, and the State agreed to charge Watkins with one count of second degree murder.
Watkins pled guilty to an amended charge of second degree murder. He was represented by counsel at the time of the plea. Before accepting the guilty plea, the court advised Watkins in open court, inter alia, of the following:
You have a right to a speedy public trial to a jury in this case. And in order to be convicted, a jury of 12 people would have to unanimously, that means all of them, agree that the prosecutor has proven you guilty beyond a reasonable doubt.
If you were to have a trial, you and your attorney would have the right to confront and cross-examine all of the witnesses that the State would call to testify against you at the trial.
If you were to have a trial, you could call witnesses to testify for you in your defense at the trial, and you would have available to you the subpoena power of the Court, which means that the Court would order to be here at court expense, if necessary, any witness that you would want to have here to testify for you on your behalf at the trial.
If you were to have a trial, you could testify yourself as a witness in your own defense, but you can't be compelled to make any statements against your interests in the trial, you can't be compelled to offer any evidence at all in the trial, and you can't be compelled to testify as a witness at the trial.
And if you chose not to testify as a witness at your trial, the prosecutor couldn't comment on that to the jury in the trial of your case or use that in any way against you in your trial.
If you were to have a trial, I would tell the jury that you are presumed to be innocent until proven guilty.
Do you understand that if you plead guilty, you waive your right to trial and you waive all of these other rights that go along with your right to trial?
Watkins responded affirmatively. It is undisputed that the court did not expressly advise Watkins that he had a right to have counsel represent him if he chose to go to trial.
The plea agreement between Watkins and the State is not in the record. Watkins testified in the postconviction proceeding that he understood he would receive a sentence of 20 to 25 years in prison for second degree murder in return for his testimony against Glover and that the State would inform the court of his cooperation. The attorney who represented Watkins at the time of his plea, however, testified that the State agreed to inform the court that it would make no public or private objection to a sentence of 20 years, but refused to go into open court and recommend such a sentence. Trial counsel further testified that the State also agreed to inform the court of Watkins' cooperation. Counsel testified that the State did not agree to remain silent at Watkins' sentencing and that there was no guarantee that Watkins would receive a sentence of 20 to 25 years in prison.
Watkins' trial counsel wrote a letter to the judge requesting a sentence of 20 to 25 years in prison. The letter highlighted Watkins' cooperation in the case and minimized his participation in the murder. At the sentencing hearing on February 4, 2005, Watkins' counsel again stressed these issues. When asked to comment, the prosecutor stated: "[T]he State would agree that some consideration should be given for the fact that [Watkins] was willing to testify against his co-defendant. However, this is a very serious crime and we would ask that you treat it with the proper respect that it has due." Prior to announcing the sentence, the court noted that it had been informed by the prosecutor of Watkins' cooperation. The court also noted Watkins' extensive criminal history and the fact that the crime was originally charged as first degree murder. Taking into consideration Watkins' cooperation, but also the nature of his offense and his history of violent criminal offenses, the court imposed a sentence of 40 years to life in prison. A written sentencing order was filed on February 7.
On February 18, 2005, Watkins filed a motion to withdraw his guilty plea. In this motion, he contended that the comments made by the prosecutor at the sentencing hearing violated the plea agreement and that had he known the comments would be made, Watson would not have agreed to plead guilty. However, on February 25, before the motion to withdraw the plea was ruled upon, Watkins filed a pro se notice of appeal from the conviction and sentencing. On March 1, Watkins and his trial counsel appeared in the district court and trial counsel was given leave to withdraw. The court's trial docket reflects that Watkins' motion to withdraw his plea was denied on that date without an evidentiary hearing, and a written order to this effect was filed on March 7. An order appointing appellate counsel was filed on March 8.
Watkins' newly appointed appellate counsel filed a brief assigning one error: "The District Court erred in denying [Watkins'] Motion to Withdraw Plea in the absence of an evidentiary hearing." On November 16, 2005, in our case No. S-05-271, we granted the State's motion for summary affirmance, because Watkins' notice of appeal was filed prior to the district court's ruling on the motion to withdraw the plea and, thus, the sole issue assigned in the appellate brief was not properly before us.
Watkins filed his verified motion for postconviction relief on September 14, 2006. The motion alleged, summarized and restated, that his guilty plea was not knowingly, intelligently, and voluntarily made because he was not informed of his right to counsel if he chose to go to trial; that his trial counsel was ineffective for failing to object to the prosecutor's comments at the sentencing hearing; and that his appellate counsel was ineffective for failing to raise these issues on direct appeal. After conducting an evidentiary hearing, the district court denied postconviction relief. Watkins filed this timely appeal.

ASSIGNMENTS OF ERROR
Watkins assigns, restated, that (1) trial counsel was ineffective in failing to object to the prosecutor's statement at sentencing and in failing to properly advise Watkins of the potential sentence he faced, (2) appellate counsel was ineffective in failing to raise all appealable issues, (3) the district court erred in failing to advise Watkins of his right to counsel before accepting his guilty plea, and (4) the district court erred in denying Watkins' motion to withdraw his guilty plea without conducting an evidentiary hearing.

STANDARD OF REVIEW
[1] On appeal from a proceeding for postconviction relief, the lower court's findings of fact will be upheld unless such findings are clearly erroneous.[1]

ANALYSIS
[2, 3] Watkins contends that the district court in the postconviction proceeding erred in concluding that he was not deprived of his constitutional right to effective assistance of trial and appellate counsel. The principles applicable to this issue are well established. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[2] When a case presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective.[3]

GUILTY PLEA
[4] Watkins contends that his appellate counsel was ineffective in failing to challenge the validity of his guilty plea on direct appeal. He contends that appellate counsel should have assigned and argued that the district court failed to inform him that if he chose to go to trial, he had the right to be represented by counsel. Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[4] Assuming without deciding that the issue is not waived under the unusual circumstances of this case, we reach it.
[5] Generally, in order to support a finding that a plea of guilty has been entered freely, voluntarily, and intelligently, the court must, inter alia, inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination.[5] The record reflects that Watkins was not expressly informed of his right to counsel if he chose to go to trial. However, as the district court correctly concluded, this failure does not render the plea invalid where, as here, the record also reflects that the defendant was actually represented by counsel at the time of the guilty plea and during prior proceedings. As we noted in State v. Neal[6]: "To hold that it is error upon a court's failure to inform a defendant of his right to counsel when a defendant has the benefit of counsel before the court and acknowledges that his counsel's representation has been satisfactory would be the epitome of slavish technicality." Relying upon Neal, we held in State v. Mindrup[7] that a court's failure to inform a represented defendant of her right to counsel did not invalidate a guilty plea, regardless of whether the defendant expressed satisfaction with counsel's representation.
Watkins was accompanied by his appointed counsel when he entered his guilty plea. He acknowledged on the record that he had sufficient time to discuss the plea agreement with counsel and that he was satisfied with counsel's efforts on his behalf. Trial counsel later testified that he had no reason to believe that Watkins' guilty plea was not freely, intelligently, and voluntarily made. On this record, there is no basis for challenging the validity of Watkins' guilty plea. Accordingly, the fact that the issue was not raised on appeal cannot be deemed deficient performance on the part of Watkins' appellate counsel or prejudicial to Watkins.

SENTENCING
Watkins argues that his trial counsel was constitutionally ineffective in failing to object to the prosecutor's comments during sentencing as being in violation of the plea agreement and that his appellate counsel was ineffective in failing to raise this issue on appeal. This claim rests upon Watkins' postconviction allegation that as part of the plea agreement, he was "promised a minimum sentence in the range of 20-30 years" and that the prosecutor further promised "to make no further comment regarding sentencing."
The district court made a factual determination from the record that Watkins received no promise with respect to sentencing. The record reflects that before accepting Watkins' plea, the court asked if he understood that by pleading guilty, he would subject himself to the maximum penalty of life imprisonment. Watkins answered, "Yeah." Immediately thereafter, the court asked, "Has anybody told you or led you to believe that if you pled guilty today that you'd be given probation or some sort of light sentence or be in any way rewarded in exchange for agreeing to plead guilty in this case?" Watkins answered, "No." Watkins' trial counsel testified that he advised Watkins that while 20 years in prison was the minimum sentence he could receive, there was "no guarantee" with respect to the actual sentence. Based upon this evidence, the district court's finding that Watkins was not promised a sentence of 20 to 30 years' imprisonment in exchange for his plea is not clearly erroneous.
Nor does the record support Watkins' claim that his trial counsel was ineffective in not objecting to the prosecutor's comments at the sentencing hearing or that his appellate counsel was ineffective in failing to raise this issue on appeal. There was no agreement that the prosecutor would "remain silent" at sentencing. The prosecutor agreed to inform the court of Watkins' cooperation and not to object to his request for a minimum sentence. Watkins trial counsel testified that while he believed the prosecutor's comments may have violated the "spirit" of the plea agreement, they did not constitute an actual violation. The record supports the district court's implicit finding that the prosecutor's comments did not violate the plea agreement, and accordingly, there is no basis for Watkins' claim that his lawyers were ineffective for failing to advocate otherwise.

ATTEMPT TO WITHDRAW PLEA
[6] Finally, Watkins argues that the district court violated his right to counsel when it did not appoint new counsel at the hearing on his motion to withdraw his plea. However, this claim was not asserted in Watkins' verified motion for post-conviction relief and it was not addressed by the district court in its disposition of that motion. We decline to reach the issue, based upon the principle that an appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.[8]

CONCLUSION
Finding no error, we affirm the judgment of the district court denying postconviction relief.
AFFIRMED.
NOTES
[1] State v. Harris, 274 Neb. 40, 735 N.W.2d 774 (2007); State v. Wagner, 271 Neb. 253, 710 N.W.2d 627 (2006).
[2] State v. Bazer, 276 Neb. 7, 751 N.W.2d 619 (2008); State v. Smith, 269 Neb. 773, 696 N.W.2d 871 (2005).
[3] See State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008).
[4] State v. McLeod, 274 Neb. 566, 741 N.W.2d 664 (2007).
[5] See, State v. Hays, 253 Neb. 467, 570 N.W.2d 823 (1997); State v. Irish, 223 Neb. 814, 394 N.W.2d 879 (1986).
[6] State v. Neal, 216 Neb. 709, 712, 346 N.W.2d 218, 220 (1984).
[7] State v. Mindrup, 221 Neb. 773, 380 N.W.2d 637 (1986).
[8] State v. Deckard, 272 Neb. 410, 722 N.W.2d 55 (2006); State v. Caddy, 262 Neb. 38, 628 N.W.2d 251 (2001).