774 N.W.2d 248 (2009)
278 Neb. 795
STATE of Nebraska, Appellee,
v.
Michael J. GLOVER, Appellant.
No. S-09-156.
Supreme Court of Nebraska.
October 30, 2009.
*250 Thomas J. Garvey, Bellevue, for appellant.
Jon Bruning, Attorney General, James D. Smith, Lincoln, and Katie L. Benson, Special Assistant Attorney General, for appellee.
*251 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Michael J. Glover appeals the denial of his motion for postconviction relief after an evidentiary hearing in the Douglas County District Court. This is the second appeal resulting from Glover's motion for postconviction relief. We affirm the decision of the district court.

BACKGROUND
In 2003, Glover was charged with first degree murder and use of a deadly weapon to commit a felony. Glover pled no contest to second degree murder, use of a deadly weapon to commit a felony, and robbery. Glover was sentenced to 40 years' to life imprisonment for the second degree murder conviction; 10 to 20 years' imprisonment for the use of a deadly weapon conviction, to run consecutively to his first sentence; and 15 to 20 years' imprisonment for the robbery conviction, to run concurrently with his first sentence. The trial court granted Glover credit for time served.
Glover had the same counsel for both his trial and direct appeal. Because he pled no contest, on direct appeal, Glover was limited to an excessive sentences claim. In case No. S-05-528, on August 31, 2005, we granted the State's motion for summary affirmance. Glover filed for postconviction relief. In that motion, Glover alleged that his trial counsel was ineffective for failing to obtain or investigate a recantation statement that his codefendant had made before Glover entered the no contest pleas. Glover's codefendant, Damien Watkins, pled guilty to second degree murder and agreed to testify against Glover. Shortly before Glover's trial was scheduled to take place, Watkins claimed in his recantation that he and Glover had taken credit for the robbery and murder for purposes of notoriety, but had not actually committed the crimes. Glover claimed that his trial counsel did not properly investigate Watkins' recantation.
Glover also claimed trial counsel was ineffective in several other respects. Glover claimed that his trial counsel failed to investigate gunshot residue or blood spatter evidence which would prove Watkins was the shooter. Furthermore, Glover claimed that his trial counsel failed to advise him of the minimum penalties and that his trial counsel failed to withdraw Glover's no contest pleas.
In connection with the postconviction motion, the State deposed Glover's trial counsel. Trial counsel stated that he investigated Watkins' recantation, but that Glover had admitted to being at the scene of the murder and that no helpful fingerprint or DNA evidence existed. Trial counsel also stated that he had advised Glover of the minimum and maximum penalties for his offenses and that Glover had never asked to withdraw his no contest pleas. The trial court accepted the deposition of Glover's trial counsel into evidence, then denied Glover's motion for postconviction relief without an evidentiary hearing.
Glover appealed that denial, and we addressed his arguments in State v. Glover.[1] We found that the trial court erred when it accepted the deposition of the trial attorney without holding an evidentiary hearing. We then remanded the cause to the trial court for an evidentiary hearing. The evidentiary hearing was held January 7 *252 and 12, 2009, after which the district court denied Glover's motion for postconviction relief. Glover now appeals that denial.

ASSIGNMENTS OF ERROR
Glover assigns, restated and consolidated, that (1) the district court erred in denying him an evidentiary hearing on his motion for postconviction relief and (2) his trial counsel was ineffective, causing his plea to not be knowingly, voluntarily, and intelligently entered.

STANDARD OF REVIEW
A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[2] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[3] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in Strickland v. Washington,[4] an appellate court reviews such legal determinations independently of the lower court's decision.[5]

ANALYSIS
Glover's first assignment of error is without merit because he received an evidentiary hearing after we remanded his motion for postconviction relief back to the district court.[6] We therefore turn to Glover's assignment that his trial counsel was ineffective.
In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with Strickland, to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[7] In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably.[8]
Normally, a voluntary guilty plea waives all defenses to a criminal charge, but in a postconviction action brought by a defendant convicted as a result of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[9] When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant *253 shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.[10]
As noted, Glover alleges that his trial counsel was ineffective for failing to investigate Watkins' recantation as well as favorable gunshot residue or blood spatter evidence. Glover further argues that he suffered prejudice because proper investigation of such evidence and the recantation would have led to the withdrawal of his no contest pleas. Glover argues that the trial court, in denying his motion for postconviction relief, accepted the deposition testimony of his trial counsel and disregarded Glover's testimony entirely.
In its order, the district court found that Glover's counsel was not ineffective and that Glover did not suffer prejudice. The trial court found that trial counsel had properly investigated both Watkins' recantation as well as possible "powder residue and/or blood" evidence and that Glover had not suffered any prejudice. The trial court also accepted trial counsel's testimony that Glover had been properly advised of possible penalties and was aware of potential sentences. While Glover disputed this in his testimony, issues of credibility are for the trial court.[11]
When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel.[12] Glover cannot demonstrate that his attorney's actions were unreasonable, nor can he demonstrate any sort of prejudice. Glover's assignments of error are therefore without merit.

CONCLUSION
Glover has been unable to demonstrate that his counsel's performance was deficient or that he was prejudiced. For those reasons, we affirm the decision of the district court.
AFFIRMED.
NOTES
[1] State v. Glover, 276 Neb. 622, 756 N.W.2d 157 (2008).
[2] State v. Caddy, 262 Neb. 38, 628 N.W.2d 251 (2001).
[3] State v. Hudson, 277 Neb. 182, 761 N.W.2d 536 (2009).
[4] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[5] State v. Hudson, supra note 3.
[6] See State v. Glover, supra note 1.
[7] State v. Lopez, 274 Neb. 756, 743 N.W.2d 351 (2008).
[8] Id.
[9] State v. Barnes, 272 Neb. 749, 724 N.W.2d 807 (2006).
[10] Id.
[11] See State v. Poindexter, 277 Neb. 936, 766 N.W.2d 391 (2009).
[12] State v. Rhodes, 277 Neb. 316, 761 N.W.2d 907 (2009).