no liability as a matter of law. Thus, Brothers suffered no prejudice when he was not allowed an opportunity to present evidence regarding the County's motion to dismiss. We further conclude that Brothers failed to comply with the notice provisions of the Act, because he did not file his tort claim with the statutorily designated individual. We therefore affirm the decision of the Court of Appeals.

Affirmed.

Wright, J., not participating.

———————————

State of Nebraska, appellee, v.
Jonathon L. Armendariz, appellant.
___ N.W.2d ___

Filed January 16, 2015.    No. S-13-998.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.

3. **Postconviction: Pleas: Effectiveness of Counsel.** In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.

4. **Postconviction: Effectiveness of Counsel: Appeal and Error.** Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.

5. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the

defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

6. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

7. **Effectiveness of Counsel: Appeal and Error.** The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), deficient performance and prejudice, may be addressed in either order.

8. **Effectiveness of Counsel: Presumptions: Appeal and Error.** The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable.

9. **Criminal Law: Intoxication: Jury Instructions.** Evidence of excessive intoxication by which the defendant is wholly deprived of reason may be submitted to the jury for it to consider whether in fact a crime has been committed, or to determine the degree of the crime when the offense consists of several degrees.

10. **Postconviction: Intoxication: Pleas.** When a defendant alleges in a postconviction action that he or she would have insisted on going to trial if counsel had informed him or her of an intoxication defense, a court need not take the self-serving declaration on its face. Rather, the court can consider other factors, such as the likely penalties the defendant would face if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case.

11. **Pleas.** In order for a defendant to knowingly and voluntarily enter into a guilty plea, a court must inform the defendant of the following: (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination.

12. ____. When a guilty plea is entered, the record must establish a factual basis for the plea.

13. **Effectiveness of Counsel.** The failure to anticipate a change in existing law does not constitute deficient performance.

14. **Postconviction: Right to Counsel: Appeal and Error.** Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.

15. **Postconviction: Justiciable Issues: Right to Counsel.** When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.

16. **Pleadings.** An amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading.

Appeal from the District Court for Sarpy County: David K. Arterburn, Judge. Affirmed.

Jonathon L. Armendariz, pro se.

Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

Jonathon L. Armendariz pled guilty to an amended information charging one count of second degree murder and one count of use of a firearm to commit a felony. The Nebraska Court of Appeals summarily affirmed a direct appeal filed by his trial counsel. Armendariz then filed this action seeking postconviction relief. The district court denied relief without conducting an evidentiary hearing, and Armendariz filed this timely appeal. We affirm the judgment of the district court.

## I. FACTS

Armendariz was originally charged with one count of first degree murder, one count of use of a firearm to commit a felony, and one count of robbery. In July 2011, he pled guilty to an amended information charging one count of second degree murder and one count of use of a firearm to commit a felony. At the time the pleas were entered, Armendariz informed the court that there had been no promises or threats made to him in exchange for his pleas and that he was acting freely and voluntarily. Armendariz also told the court that he understood the proceedings and that he knew what he was doing.

Before accepting the pleas, the court advised Armendariz of his constitutional and statutory rights, and cautioned Armendariz to ask any questions he had during the advisement. The court advised Armendariz that he had a right to be represented by an attorney at all stages of the proceedings, including sentencing; that he had the right not to incriminate himself, which included the right to remain silent at any hearing or trial; that he was presumed innocent; that he had the right to a speedy and public trial before a jury; that he had the right to confront his accusers at trial; that he had the right to cross-examine his accusers at trial; and that he had the right at trial to call witnesses on his own behalf. Armendariz was also advised that if he went to trial, a jury would have to find him

guilty beyond a reasonable doubt; that he had a right to chal-
lenge any search or seizure and contest the use of evidence
obtained during them; and that because he was 17 years old
when the crimes were committed, he had the right to seek
transfer to juvenile court. He was also advised that he had the
right to appeal any final order of the court.

The court then advised Armendariz that if he entered a
guilty plea, he was waiving most of the rights he had just been
advised of. He was specifically advised that he retained the
right to have his attorney represent him and retained the right
to appeal, but that by pleading guilty, he was waiving many
appeal issues.

Armendariz was advised by the court that to prove the
charge of second degree murder, the State would have to
prove beyond a reasonable doubt that he intentionally, but
without premeditation, killed the victim. Armendariz acknowl-
edged his understanding that by entering the pleas, he was
relieving the State of its trial burden and would be found
guilty based on the pleas and the factual basis provided by
the State. He was advised that the possible penalty for second
degree murder was a minimum of 20 years' imprisonment and
a maximum of life imprisonment. He informed the court he
understood the possible penalties. Armendariz stated he had
reviewed the facts of the case and explained his story to his
attorney, had explored possible defenses with his attorney,
and had discussed the possible penalties with his attorney. He
stated he was satisfied with the services and advice received
from his counsel.

The State then gave a factual basis for the pleas.
Summarized, it was that the victim was found in his bed-
room and had died of a single gunshot wound to the back
of his head, which shot was fired at close range. A 9-mm
shell casing and a spent bullet were found at the crime
scene. Investigators discovered that the last cell phone call
to the victim had been placed by Armendariz, and when they
searched Armendariz' residence, they discovered a 9-mm
handgun and two cell phones that had belonged to the victim.
The handgun was tested and found to be the weapon that had
fired the bullet that matched the shell casing found at the

crime scene. A witness was located and informed police that he had gone with Armendariz to the victim's home the morning of the crime in order to rob the victim and had stayed in the car while Armendariz went inside.

In response to this, Armendariz' attorney informed the court that "[t]he actual facts would not support that there was going to be or that there was a robbery, but we don't dispute that the State has a witness that would testify to that." He otherwise agreed with the factual basis as presented by the State.

Armendariz' guilty pleas were accepted by the court. At sentencing, he informed the court, "I know I'm going to prison, and I have come to terms with that. I just hope it's not for life. . . . Whether I do life or 20 years in prison, everything happens for a reason . . . ." He ultimately was sentenced to 80 years' to life imprisonment on the murder charge and 10 to 20 years' imprisonment on the firearm charge. His trial counsel filed a direct appeal, assigning as error that the sentences imposed were excessive. The Court of Appeals summarily affirmed.

Armendariz subsequently filed this action for postconviction relief, alleging ineffective assistance of trial and appellate counsel. After allowing Armendariz leave to amend his original postconviction motion, the district court denied relief without conducting an evidentiary hearing. Armendariz filed this timely appeal.

## II. ASSIGNMENTS OF ERROR

Armendariz broadly assigns that the district court erred in not granting him an evidentiary hearing on the claims of ineffective assistance of counsel that he asserted in his amended motion for postconviction relief. Arguments in support of each of these claims are scattered throughout his pro se brief. In addition to this broad assignment of error and related arguments, he specifically assigns and argues that he was entitled to an evidentiary hearing, because his trial counsel (1) failed to transfer or move to transfer his case to juvenile court, (2) failed to have him evaluated prior to entering his guilty pleas, (3) failed to prepare an adequate defense, (4) failed to create a

record of the factual basis of the crimes, (5) failed to move to suppress his statements, (6) misadvised him prior to the entry of his pleas, (7) failed to challenge information in the presentence investigation report, and (8) failed to object during the colloquy when he entered his guilty pleas.

Armendariz also assigns that the district court erred in not combining his original postconviction motion with his amended motion and in not appointing him counsel to assist him with his postconviction claims.

### III. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[1]

[2] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.[2]

### IV. ANALYSIS

Armendariz' pro se amended motion for postconviction relief contains numerous allegations of ineffective assistance of counsel. Summarized, the amended motion alleged Armendariz' counsel was ineffective for (1) failing to provide effective assistance before the guilty pleas were entered; (2) failing to object to the court's improper rights advisory at the time the pleas were entered; (3) failing to object or advise

---

[1] *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013); *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013).

[2] *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011); *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

Armendariz not to plead guilty, due to an insufficient factual basis to support the pleas at the plea hearing; (4) failing to object at the plea hearing, because Armendariz was not fully advised of the charges against him; (5) failing to file a motion to withdraw the pleas prior to or at sentencing; and (6) failing to raise the invalidity of the pleas on direct appeal. Armendariz' brief to this court challenges the district court's findings on all of the allegations he made in the amended motion for postconviction relief.

## 1. INEFFECTIVE ASSISTANCE OF COUNSEL IN GENERAL

[3] None of the claims Armendariz made in his amended motion are waived or procedurally barred. He did enter guilty pleas, and normally, a voluntary guilty plea waives all defenses to a criminal charges.[3] But the claims he is asserting are not direct defenses to the criminal charges. Instead, they are framed as ineffective assistance of counsel claims. In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[4]

[4] In addition, although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.[5] Armendariz was represented by the same lawyer at trial and on direct appeal, and therefore his claims are not procedurally barred.

[5-8] In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the

---

[3] *State v. Glover*, 278 Neb. 795, 774 N.W.2d 248 (2009).

[4] *State v. Watkins*, 277 Neb. 428, 762 N.W.2d 589 (2009); *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).

[5] *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013); *State v. McKinney*, 279 Neb. 297, 777 N.W.2d 555 (2010).

defendant has the burden, in accordance with *Strickland v. Washington*,[6] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[7] When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.[8] The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[9] The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable.[10]

Here, we focus on whether Armendariz alleged sufficient facts in his amended motion which, if true, would entitle him to postconviction relief. If so, he is entitled to an evidentiary hearing on the claim, unless the files and records affirmatively show that he is not.[11]

## 2. ALLEGATIONS IN AMENDED MOTION

### (a) Pre-plea Hearing Issues

#### (i) Evaluation

Armendariz alleged his trial counsel should have had him evaluated before he entered his pleas to determine his ability to form the specific intent necessary to commit murder. The sole basis for this allegation was that he was only 17 years old at the time the crimes were committed. He made no allegation that he was otherwise unable to form the necessary intent or

---

[6] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[7] See *State v. Glover, supra* note 3.

[8] *Id.*

[9] See, *State v. Robinson, supra* note 5; *State v. Glover, supra* note 3.

[10] *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

[11] See, *State v. Golka, supra* note 2; *State v. McGhee, supra* note 2.

otherwise incompetent. Instead, he referenced general studies that have been done on juvenile brain development.

There is no legal requirement that a juvenile be evaluated to determine his or her ability to form specific intent. There is no allegation or even an indication that there was any question about Armendariz' competency or sanity. Trial counsel therefore did not perform deficiently in this regard.

### (ii) Intoxication Defense

Armendariz alleged that his trial counsel did not advise him that if he had gone to trial, the jury could have considered the fact that he was under the influence of marijuana at the time of the crime in determining whether he had the requisite intent to commit murder. He alleged that there was insufficient evidence of premeditation to support a first degree murder charge and that had he known there was a chance of fighting the second degree murder charge, he would have proceeded to trial.

[9,10] Evidence of excessive intoxication by which the defendant is wholly deprived of reason may be submitted to the jury for it to consider whether in fact a crime has been committed or to determine the degree of the crime when the offense consists of several degrees.[12] When a defendant alleges in a postconviction action that he or she would have insisted on going to trial if counsel had informed him or her of an intoxication defense, a court need not take the self-serving declaration on its face.[13] Rather, the court can consider other factors, such as the likely penalties the defendant would face if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case.[14]

Here, Armendariz has failed to allege sufficient facts to make the baseline showing of excessive intoxication. He alleges he was under the influence of marijuana, but does not allege how much he had consumed, in what amount of time it was consumed, or how the consumption impacted him. The

---

[12] See *State v. Hotz*, 281 Neb. 260, 795 N.W.2d 645 (2011).

[13] See *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

[14] See *id.*

mere allegation that he was intoxicated is not sufficient to support an obligation on the part of trial counsel to inform him of the defense, which by definition is available only when the intoxication was so great that it "wholly deprived" the defendant of reason.[15] This allegation is without merit.

### (iii) Promise of 50-Year Sentence

In his amended motion, Armendariz asserted that his trial counsel "advised him that if he pleaded guilty he would have . . . gotten not more than fifty years." He further alleged that when the court asked him prior to accepting the pleas whether anyone had made any promises to him about the sentences, he answered no because he was under the impression the court already knew the deal was to sentence him to no more than 50 years' imprisonment. He generally alleges that if he had been aware the sentence could have been greater than 50 years' imprisonment, he would not have entered his guilty pleas.

The files and records affirmatively disprove this assertion. Armendariz was specifically advised by the court that the possible penalty for second degree murder was a minimum of 20 years' imprisonment and a maximum of life imprisonment. He was further advised that the possible penalty for use of a weapon to commit a felony was a minimum of 5 years' imprisonment and a maximum of 50 years' imprisonment. He informed the court that he understood both. At sentencing, Armendariz spoke for himself, stating, "I know I'm going to prison, and I have come to terms with that. I just hope it's not for life. . . . Whether I do life or 20 years in prison, everything happens for a reason . . . ." This record, and in particular Armendariz' statements at sentencing, affirmatively refutes Armendariz' allegation that he relied on a promise of a sentence no greater than 50 years' imprisonment when entering his pleas. This allegation is without merit.

### (iv) Ballistics Expert

Armendariz alleged that trial counsel was ineffective for failing to hire a ballistics expert to examine whether the gun

---

[15] See *State v. Hotz, supra* note 12.

used in the killing was the type of gun that accidentally discharges. He contended that if trial counsel had taken this step to help support Armendariz' theory of the crime, he would have chosen to proceed to trial and give his account of how the killing occurred.

The evidence showed the gun was fired at close range to the back of the victim's head. There is a strong inference of an intentional, execution-style killing, and very little evidentiary support for an accidental killing. Moreover, the mere fact that this type of gun could be fired accidentally does not necessarily support a finding that it was not intentionally fired. Trial counsel was not deficient in failing to engage a ballistics expert to show that this gun could have been fired accidentally.

### (v) Combination of Pre-plea
### Hearing Ineffectiveness

Armendariz' amended motion also generally alleged that the combination of all of the foregoing actions or inactions amounted to ineffective assistance of counsel. Restated, the combined effect of no evaluation of his ability to form the intent to kill, no advisement of the intoxication defense, the promise of no more than 50 years' imprisonment, and the failure to pursue the gun expert all resulted in his deciding to accept the plea instead of going to trial. Because counsel was not deficient in any of the alleged areas, no combined ineffective assistance of counsel occurred.

### (b) Plea Hearing Issues

### (i) Rights Advisory Given
### by Trial Court

In his amended motion, Armendariz claimed that the rights advisory given by the trial court at the time he entered his pleas was improper and that his trial counsel was ineffective for failing to object to it. Specifically, he alleged the rights advisory did not adequately inform him (1) of his right against self-incrimination or (2) that by entering the pleas, he was admitting to the facts alleged by the State as the factual basis of his pleas.

[11] In order for a defendant to knowingly and voluntarily enter into a guilty plea, a court must inform the defendant of the following: (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination.[16] Here, the record shows Armendariz was properly advised of all of the foregoing. His assertion that he did not fully understand the advisements does not and cannot negate the fact that they were properly given. Moreover, the record shows that at the time they were given, Armendariz acknowledged that he understood the charges and his rights. Trial counsel did not perform deficiently in failing to object, because the advisements given by the court were not improper.

### (ii) Lack of Factual
### Basis for Pleas

[12] When a guilty plea is entered, the record must establish a factual basis for the plea.[17] Armendariz alleges there was no factual basis for the pleas, because he did not admit that he went to the home to commit a robbery, and he contends his trial counsel was ineffective for failing to advise the court that he was not admitting to the robbery facts.

The record shows that trial counsel informed the court that Armendariz' position was that "[t]he actual facts would not support that there was going to be or that there was a robbery," even though he conceded the State had a witness that would testify about the robbery plan. Thus, trial counsel did inform the court Armendariz was not admitting there was a plan to rob the victim.

Moreover, there was a sufficient factual basis to support the charge of second degree murder. To support the charge of second degree murder, the factual basis had to show that the killing was done intentionally. Here, part of the factual basis was that the victim died of a single gunshot wound inflicted to the back of his head at close range. While there was no

---

[16] See *State v. Watkins, supra* note 4.

[17] *State v. Lassek*, 272 Neb. 523, 723 N.W.2d 320 (2006).

direct evidence of the details of the killing, the location of the gunshot wound itself supports a reasonable inference that the killing was intentional. There is no merit to this allegation of ineffective assistance of counsel.

### (iii) Advisement of Charges

Armendariz alleged in his postconviction motion that he was not advised by the court that he (1) had to have the specific intent to kill and (2) was entitled to effective assistance of counsel. He asserts that had he known either of those things, he would not have listened to his counsel and would not have entered his guilty pleas.

We have repeatedly articulated what rights a defendant has to be advised of in order to make the entry of a plea knowing and voluntary.[18] The record affirmatively shows that Armendariz was advised of those rights. This allegation is without merit.

### (c) Sentencing Issues

Armendariz alleged that his trial counsel should have moved to withdraw the pleas before his sentences were imposed. In support of this allegation, he again asserts there was no factual basis for the pleas. He also asserts that, at sentencing, the State changed its theory of the case from one based on robbery to one based on an intentional killing, and that his trial counsel should have moved to withdraw the pleas after realizing the State's theory of the case had changed.

As noted, there was a factual basis for the pleas. Although that basis referenced a robbery plan, it also at least implicitly demonstrated that the killing was done intentionally. Further, the record shows that the State argued at sentencing consistent with the factual basis that was provided at the plea hearing. These allegations are without merit.

Armendariz also alleged that his trial counsel performed deficiently at sentencing by failing to advise the court of Neb. Rev. Stat. § 29-2204(3) (Reissue 2008). That statute provides in relevant part that except when a term of life is required by law, whenever the defendant is less than 18 years old at the

---

[18] See *State v. Watkins, supra* note 4.

time of the crime, the court has the discretion to make a disposition under the juvenile code instead of imposing the statutory penalty for the crime. Armendariz was 17 years old at the time the crimes were committed.

Trial counsel did not raise § 29-2204(3) at sentencing. Assuming counsel was deficient in failing to so advise the court, there was no prejudice to Armendariz as a matter of law. In light of Armendariz' age, his prior criminal history, and the nature of the crimes at issue, there is no reasonable probability that the district court would have exercised its discretion to sentence Armendariz under the juvenile code instead of sentencing him as an adult offender.

### (d) Appeal Issues

### (i) Failure of Trial Court to Properly Advise of Rights

Armendariz alleged that his counsel was ineffective for failing to argue on appeal that the trial court failed to properly advise him of his rights at the plea hearing. This allegation is without merit, because the files and records affirmatively show that Armendariz was properly advised.

### (ii) State v. Smith and Sudden Quarrel

Armendariz alleged that his appellate counsel was ineffective in failing to argue on appeal that his advice to Armendariz to plead guilty was poor, because it was based on an incorrect understanding of the difference between second degree murder and voluntary manslaughter. This argument is based on our decision in *State v. Smith*,[19] where we clarified the difference between second degree murder and voluntary manslaughter.

Armendariz entered his plea on July 26, 2011. *Smith* was decided on November 18, 2011. The district court reasoned that because the plea was entered prior to the time *Smith* was decided, trial counsel could not have been ineffective at the time he advised Armendariz to enter the plea.

_____

[19] *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011).

While this is true, it mischaracterizes the nature of Armendariz' claim. He asserts that his counsel was ineffective in failing to raise the *Smith* issue on appeal. The brief in Armendariz' direct appeal was filed on December 14, 2011, after *Smith* had been decided. Armendariz alleges that *Smith* was the law at the time of his direct appeal; that his appellate counsel was ineffective for failing to argue on direct appeal that had he known of *Smith*, he would not have advised Armendariz to enter the plea to second degree murder; and that therefore, Armendariz should be allowed to withdraw his plea in order to avoid a manifest injustice.

Armendariz has failed to allege facts that, if true, would show his appellate counsel was ineffective. In his amended motion, Armendariz alleges that the victim angered him when he refused to pay a debt. And "[t]hen, in a sudden motion and without saying anything," the victim "dove toward the drawers in front of him, where Armendariz knew [the victim] kept his gun, upon which Armendariz panicked and unknowingly fired his gun . . . ." Panic does not equal provocation, and therefore these allegations do not support a finding that there was provocation that excited Armendariz' passion and obscured his power of reasoning to the extent that he acted rashly and from passion, without due deliberation and judgment.[20] And because there are no facts alleged to support that the killing was the result of a sudden quarrel, appellate counsel could not have been deficient in failing to raise the possible applicability of *Smith* on direct appeal.

### *(iii)* Miller v. Alabama

In *Miller v. Alabama*[21] the U.S. Supreme Court held that a juvenile cannot be subject to a mandatory sentence of life imprisonment without parole for a homicide. If applied to Armendariz, who was 17 years old at the time of the murder, *Miller* would have eliminated the possibility of mandatory life

---

[20] See *id.*
[21] *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

imprisonment for a first degree murder charge. *Miller* was decided after Armendariz entered his plea. Because of this timing, the district court reasoned *Miller* could not be the basis of Armendariz' ineffective assistance of counsel claim.

But Armendariz did not allege that trial counsel was ineffective in failing to anticipate *Miller* at the time he advised Armendariz to enter the plea. Instead, he argues that his counsel was ineffective for failing to raise an appellate argument based on *Miller*.

Armendariz acknowledges that *Miller* was not actually decided until after his direct appeal was completed. He argues, however, that the U.S. Supreme Court had granted certiorari in *Miller* before counsel submitted his direct appeal brief. Armendariz alleges that his counsel acted in a deficient manner because he should have been aware of the potential impact of *Miller* on his case and should have asked that the appeal be stayed pending the outcome of *Miller*.

[13] Appellate counsel did not perform in a deficient manner by failing to ask that the appeal be stayed pending the outcome of *Miller*. The failure to anticipate a change in existing law does not constitute deficient performance.[22]

### (e) Failure to Appoint Counsel

[14,15] Armendariz assigns that the district court erred in failing to appoint counsel to represent him in his postconviction action. Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.[23] When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.[24] Because the district court correctly found no justiciable issues, it did not abuse its discretion in failing to appoint counsel.

---

[22] *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011).

[23] *State v. McGhee, supra* note 2; *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001).

[24] *State v. McGhee, supra* note 2; *State v. McLeod, supra* note 4.

### 3. ALLEGATIONS IN BRIEF

Armendariz makes various allegations of ineffective assistance of counsel in his brief that were not made in his amended motion. These include not filing a motion to transfer the case to juvenile court; failing to object to certain testimony at the preliminary hearing; not considering that he had been on drugs, drinking alcohol, and smoking marijuana the day of the crime; not investigating or challenging crime scene photographs; not preparing a transcript of the preliminary hearing; not filing any pleadings on his behalf; not moving to suppress evidence; and not challenging information in the presentence investigation report. Because these allegations were not raised in the amended motion, the district court could not have erred in failing to grant an evidentiary hearing on them, and we need not consider them on the merits.[25]

### 4. ALLEGATIONS IN ORIGINAL MOTION

[16] Armendariz alleges that the district court erred in not considering his original motion for postconviction relief in combination with his amended motion for postconviction relief. This argument is based on a fundamental misunderstanding of the nature of an amended pleading or motion. An amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading.[26] It is clear the district court did not err in limiting its analysis to the motion that was before it—the amended motion.

### V. CONCLUSION

For the foregoing reasons, the judgment of the district court denying postconviction relief without an evidentiary hearing is affirmed.

AFFIRMED.

---

[25] See, *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013); *State v. Yos-Chiguil*, *supra* note 13.

[26] *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996).