court computed damages based on testimony of one of the buyers regarding the cost paid for replacement doors. Because there is no indication that the court relied upon the other witness' testimony or estimate, any error in the court's decision to receive such evidence was harmless.

## CONCLUSION

We conclude that the doctrine of merger was inapplicable, because the seller had a duty to disclose that the interior doors would be removed and the seller's nondisclosure amounted to a misrepresentation. We further conclude that the doors were fixtures rather than trade fixtures and, thus, were not removable by the former tenant. Because the county court's award of damages is supported by competent evidence, we affirm the decision of the district court affirming the county court's judgment.

AFFIRMED.

———————————

STATE OF NEBRASKA, APPELLEE, V.
JAMES BRANCH, APPELLANT.
___ N.W.2d ___

Filed March 27, 2015.    No. S-14-711.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Evidence: Witnesses.** In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.
3. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.
4. **Effectiveness of Counsel: Appeal and Error.** When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

5. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. In a nonplea context, the defendant must show a reasonable probability that the result would have been different had counsel not performed deficiently. The two prongs of this test, deficient performance and prejudice, may be addressed in either order.

6. **Effectiveness of Counsel: Presumptions.** The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable.

7. **Effectiveness of Counsel: Appeal and Error.** When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel.

8. **Trial: Effectiveness of Counsel: Witnesses.** The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Affirmed.

Sean M. Conway, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

A jury convicted James Branch of robbery and kidnapping, and we affirmed his convictions and sentences on direct appeal.[1] Branch sought postconviction relief, which was denied by the district court without an evidentiary hearing.[2] Branch appealed, and we reversed, and remanded for an evidentiary hearing on the issue of whether Branch's trial counsel was

---

[1] *State v. Branch*, 277 Neb. 738, 764 N.W.2d 867 (2009).

[2] *State v. Branch*, 286 Neb. 83, 834 N.W.2d 604 (2013).

ineffective in not calling a witness to corroborate Branch's alibi defense.[3] On remand, the district court conducted an evidentiary hearing on this issue and again denied postconviction relief. Branch now appeals from the order dismissing his postconviction motion. We find no error and affirm.

## BACKGROUND

The underlying facts are fully set forth in our opinion denying Branch relief in his direct appeal.[4] We repeat only the relevant facts here. Paul Miller was the primary witness against Branch at his trial. Miller testified that he, Branch, and Michael Johnson developed a plan to rob a vehicle storage facility. Miller testified that he and Branch went to the business "6 days before the robbery to 'scope it out.'"[5] Miller testified that on July 16, 2007, "Branch and Johnson picked up Miller in [Laquesha] Martin's white Chevrolet Corsica. They arrived at [the victim's] business at around 11 or 11:15 a.m."[6] They beat the victim, robbed him, and placed him in the trunk of a car in the building.

At trial, Branch testified in his own behalf. He admitted using a credit card taken from the victim during the robbery but denied involvement in the robbery itself. He testified that he slept in an apartment he shared with his girlfriend, Laquesha Martin, until either 11 a.m. or 2 p.m. on July 16, 2007, and then picked up Martin from work. Branch stated that he did not know whether they returned to the apartment at 2:30 or 4:30 p.m., but then he said he and Miller left the apartment around 2 or 3 p.m. Branch said they arrived at the convenience store, where the credit card was used, around 4 p.m. and were there for 2 hours.

In April 2011, Branch filed a pro se motion for postconviction relief.[7] His appointed counsel filed an amended motion.

---

[3] *Id.*

[4] *Branch, supra* note 1.

[5] *Id.* at 743, 764 N.W.2d at 871.

[6] *Id.* at 744, 764 N.W.2d at 871.

[7] *Branch, supra* note 2.

The district court denied the motion without an evidentiary hearing. Branch appealed, and we remanded for a hearing on the issue of whether trial counsel was ineffective for failing to present alibi evidence in the form of Martin's testimony.[8]

On remand, the court received the depositions of Martin, Branch, and the attorney who represented Branch at trial and on direct appeal. The court found Branch's deposition testimony was consistent with his testimony at trial. Significantly, Branch testified in the deposition that on July 16, 2007, he slept until 11 a.m. or 2 p.m. at Martin's house and then left to pick up Martin from work. He said they then ran some errands and returned to Martin's home between 2 and 4 p.m. Branch testified that later that afternoon, he and Miller left in Martin's car to use some credit cards which Miller had obtained to fill up gas tanks. Branch testified that he wanted his trial counsel to call Martin as a witness at trial because he felt that "she could have pretty much told them where we was that day and probably helped me out a little bit with this case."

Martin testified that she and Branch ran errands on the morning of July 16, 2007, before he took her to work around noon. She testified that Branch picked her up from work between 5 and 6 p.m. and that she was with him for the remainder of the evening.

Branch's trial counsel testified in her deposition that she talked to Martin on the telephone several times before trial, but that Martin was evasive and said she could not testify that Branch was with her or picked her up from work at the time the crime occurred. Martin further told counsel she could not testify that Branch's version of events was "factually correct." Nevertheless, counsel subpoenaed Martin for trial. When counsel approached Martin during the trial about what her testimony would be, Martin again told her that she could not testify to Branch's version of events. Counsel testified that she decided not to have Martin testify because

> she didn't want to be put up on the stand, which obviously makes a terrible witness because [potential witnesses]

---

[8] *Id.*

become somewhat hostile if you call them and they don't want to be up there.

Secondly, if she told the truth, which I'm assuming she would have, it would have destroyed any of his testimony . . . .

In denying postconviction relief, the district court determined that the testimony of Branch and Martin was inconsistent as to the events of July 16, 2007. It noted that Branch claimed "to have been alone all morning until he picked . . . Martin up at 11 a.m. or 2 p.m., whereas . . . Martin states she was with [Branch] all morning until he dropped her off at work around noon." The court found that "[c]onsidering the evidence adduced at trial in combination with this extreme contrast[, Branch] failed to establish that . . . Martin even provides an alibi."

The court then addressed whether trial counsel was deficient for failing to call Martin at trial. It found that counsel's decision not to call Martin as a witness was reasonable "based on the interactions with . . . Martin, especially in light of the fact that such testimony would be in direct contradiction with [Branch's] own version of the events he insisted on relaying during trial." Thus, the court found Branch failed to establish that trial counsel performed deficiently in not calling Martin as a witness. The court also determined that this decision was not prejudicial to Branch because "the inconsistencies between [Branch's] and . . . Martin's testimony would lead one to believe her testimony would actually have hindered his efforts to establish his defense at trial." Thus, the court concluded that Branch had not been denied his constitutional right to effective assistance of counsel.

## ASSIGNMENT OF ERROR

Branch assigns the district court erred in denying his amended motion for postconviction relief.

## STANDARD OF REVIEW

[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the

district court will not be disturbed unless they are clearly erroneous.[9]

[2] In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.[10]

[3,4] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[11] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[12] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[13] an appellate court reviews such legal determinations independently of the lower court's decision.[14]

## ANALYSIS

Branch claims that Martin's testimony would have corroborated his alibi and that thus, trial counsel was deficient for failing to call Martin at trial. His claim is based solely upon an alleged deprivation of his constitutional right to effective assistance of counsel. Because Branch's trial counsel was also his appellate counsel, this is his first opportunity to assert his claims relating to ineffective assistance of his trial and appellate counsel.[15]

---

[9] *State v. Glover*, 278 Neb. 795, 774 N.W.2d 248 (2009); *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004).

[10] *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004); *McDermott, supra* note 9.

[11] *Glover, supra* note 9; *State v. Hudson*, 277 Neb. 182, 761 N.W.2d 536 (2009).

[12] *Id*.

[13] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[14] *Glover, supra* note 9; *Hudson, supra* note 11.

[15] *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013); *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[5,6] In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[16] In a nonplea context, the defendant must show a reasonable probability that the result would have been different had counsel not performed deficiently.[17] The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[18] The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable.[19]

[7,8] When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel.[20] The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel.[21]

Branch's trial counsel articulated two reasons for not calling Martin at trial. First, Martin appeared reluctant to testify and thus would have made a bad witness. Second, Martin told counsel that her version of events would not have corroborated Branch's testimony. Both are sound reasons for counsel's strategic decision not to call Martin as a witness. Based upon what Martin told her, counsel reasonably believed that Martin's testimony would not benefit Branch's defense but would in fact be detrimental.

---

[16] *State v. Watkins*, 277 Neb. 428, 762 N.W.2d 589 (2009); *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008).

[17] See, *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014); *Glover, supra* note 9.

[18] *Id*.

[19] See *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

[20] *Glover, supra* note 9; *Benzel, supra* note 10.

[21] *Robinson, supra* note 15; *State v. Thomas*, 278 Neb. 248, 769 N.W.2d 357 (2009).

Even when viewed with the benefit of hindsight, counsel's decision not to call Martin as a witness was correct. It is evident from Martin's subsequent deposition testimony that she could not corroborate Branch's claim that he was alone in her home all morning before leaving to pick her up from work. Martin testified that she was with Branch in the morning until he took her to work in the afternoon. Faced with inconsistent testimony of this nature, a jury would likely have concluded that either Branch, Martin, or both of them were not telling the truth. Martin's testimony would likely have undermined Branch's credibility as to his whereabouts at the time of the crime. Based upon our review of the record, we agree with the district court that Branch has not shown that he was denied the effective assistance of counsel. The evidence does not support either the deficient performance prong or the prejudice prong of the *Strickland* standard.

## CONCLUSION

For the foregoing reasons, the judgment of the district court denying postconviction relief is affirmed.

AFFIRMED.